Hudson D. HARMON, Plaintiff-Appellant,

v.

Robert O. FINCH, etc., et al., Defendants-Appellees.

No. 71–1608.

United States Court of Appeals, Ninth Circuit.

May 9, 1972.

Arthur L. Johnson (argued), San Jose, Cal., for appellant.

Ralph F. Bagley, Jr., Asst. U. S. Atty. (argued), Steven Kazan, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellees.

Before DUNIWAY, KILKENNY and TRASK, Circuit Judges.

DUNIWAY, Circuit Judge:

Harmon was denied disability insurance benefits under 42 U.S.C. § 423 by the Secretary of Health, Education, and Welfare and sought judicial review of that determination. The district court found that the Secretary's decision was supported by substantial evidence and affirmed. We agree.

In his opening brief, Harmon's counsel describes himself and this case as follows:

> "Attorney for Appellant, and *amicus curiae*, America's Unofficial and Uncompensated Ombudsman, Lincoln's Chief Aide in America, President of the Student States of America and National Executive & Legislative Secretary, General Welfare Federation of America, Inc., in this test case as to the honor of a nation." [1]

We are sympathetic, but are unable to accept counsel's description of this case. Essentially, what he asks us to do is to disregard the provisions of the Social Security Act so as to render what he believes to be justice to his client. This is not our function. Counsel, in all of his interesting capacities, should address his views to the Congress, not to us.

 We say this because our role, under the Act, is a very limited one. The duty of the courts is only to ascertain whether substantial evidence supports the decision. If it does, the Secretary's finding is conclusive. 42 U.S.C. § 405(g); Richardson v. Perales, 1971, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed.2d 842; Ainsworth v. Finch, 9 Cir., 1971, 437 F.2d 446, 447. Moreover, the statute's definition of "disability" is much narrower than the word itself, standing alone, might indicate. The Act's definition requires that Harmon be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which could be expected to result in death or which has lasted or could be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d) (1). The definition

---

1. At oral argument, counsel appeared before us wearing a black frock coat and high white collar with a string tie. He carried a long black cape and black stove- pipe hat, and he wore a beard trimmed like Lincoln's. The resemblance was indeed striking.

was further restricted by the Congress in 1967 (42 U.S.C. § 423(d) (2) (A), (3), (5), Pub.L. 90–248, Title I, §§ 105(b), 158(a), (b), (c), 81 Stat. 833, 867–869 effective Jan. 2, 1968). Those restrictive definitions, enacted in part to correct court decisions that the Congress considered to be too "liberal," are applicable here. Dean v. Gardner, 9 Cir., 1968, 393 F.2d 327, 329. Furthermore, the last day of coverage for Harmon was December 31, 1964. He had to show that he was disabled within the meaning of the Act on or before that date.

There is substantial evidence to sustain the Secretary's finding that Harmon was not "disabled" within the definition of the Act, on or before the crucial date. There is no doubt that his ability to work was impaired as the result of a coronary infarction suffered in 1956. But there is also evidence that he was employed thereafter, as a self-employed insurance salesman, from September 1960 to September 1967. He earned enough in 1963 and 1964 to qualify for four quarters of disability insurance coverage; during the same period he was hospitalized only three days with his alleged infirmities.

Under such circumstances we cannot say that Harmon clearly met his burden to establish his entitlement to the benefits claimed, Mark v. Celebrezze, 9 Cir., 1965, 348 F.2d 289, 293, or that the Secretary's finding is not supported by substantial evidence.

Harmon's contention that the Secretary should have reopened and reconsidered his two prior applications for disability benefits in 1959 and 1961 must also fail. He did not seek review of those administrative determinations within the 60-day period required by 42 U.S.C. § 405(g), and he may not now indirectly accomplish that review by challenging the Secretary's refusal to reconsider those prior determinations. Brockman v. Finch, 9 Cir., 1969, 418 F.2d 116, 117; Filice v. Celebrezze, 9 Cir., 1963, 319 F.2d 443.

Affirmed.