Marianna DI BENEDETTO, Plaintiff,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 80–1465.

United States District Court, District of Columbia.

Feb. 25, 1981.

John Roberts, Washington, D. C., for plaintiff.

Cheryl Long, Washington, D. C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiff in this case has brought suit pursuant to 42 U.S.C. § 405(g) to seek re-

versal of the final decision made by the Secretary of Health and Human Services to deny plaintiff's claim for disability benefits under the Social Security Act. Defendant has moved for judgment on the pleadings, pursuant to Fed.R.Civ.P. 7(b)(1), on the ground that defendant is entitled to judgment as a matter of law. Plaintiff opposes that motion and has filed a cross motion for judgment on the pleadings. The court concludes that defendant's motion must be granted and that plaintiff's motion must be correspondingly denied.

Plaintiff is a 51 year old woman, born in Italy, who worked as a sewing machine operator and instructor for approximately 15 years. She claims that she has been unable to work since December 10, 1977, because of asthma, chronic bronchitis and pulmonary emphysema. She has since that time moved to Italy because her doctor advised her that the climate in the United States was not good for her health.

The Bureau of Disability Insurance denied her application for disability benefits, concluding that her condition was not disabling within the meaning of the law. A full *de novo* hearing was then held upon plaintiff's request, pursuant to 42 U.S.C. § 405(b). The administrative law judge who presided at the hearing issued a written decision, concluding, on the basis of the evidence of record and of plaintiff's situation and history, that plaintiff was not entitled to a period of disability or to disability insurance benefits.

Plaintiff requested a review of this decision from the Appeals Council of the Department of Health and Human Services, but the Appeals Council denied this request. Accordingly, the decision of the administrative law judge became the final decision of the Secretary in this case. Having thus exhausted her administrative remedies, she brought this suit.

## II.

The standard by which an administrative law judge is to determine eligibility for disability benefits is well defined. In order to recover disability benefits, plaintiff has the burden of establishing the existence of a disability within the period of insured eligibility. The Social Security Act defines a disability as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months..

42 U.S.C. § 423(d)(1)(A). Thus, according to this definition the plaintiff must meet a two-fold test: she must establish that she had a medically determinable physical or mental impairment; and second, she must establish that the impairment has prevented her from engaging in any substantial gainful activity. In other words, plaintiff must show that her impairments are so severe as to bar the performance of any substantial gainful activity; the mere existence of a physical impairment is not in itself disabling. In determining whether plaintiff is capable of engaging in such substantial gainful activity, the administrative law judge may take various elements of proof into consideration. These are: (1) medical data and findings; (2) expert medical opinions; (3) subjective complaints; and (4) plaintiff's age, education and work history. *See e. g. Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972).

The role of this Court in reviewing the Secretary's decision is a limited one. It is not for the Court to try *de novo* the factual issues involved, but only to determine whether the Secretary's decision and findings are supported by "substantial evidence." 42 U.S.C. § 405(g). In other words, the Court must not re-weigh the evidence but must instead only consider whether the administrative decision meets the requisite evidentiary standard, and is not arbitrary or capricious. *See e. g. Reyes v. Secretary of Health, Education & Welfare*, 476 F.2d 910 (D.C.Cir.1973).

## III.

Plaintiff challenges the administrative law judge's decision on two grounds.

First, she argues that the administrative law judge disregarded medical evidence of the severity of her condition. She claims that the administrative law judge acted improperly in not explicitly resolving all the conflicts in the medical evidence that was considered by him. The Court agrees that there was evidence in the record, in the form of medical opinions submitted by Drs. Wellen and DiPalermo, suggesting that plaintiff's impairments were so serious as to preclude her engaging in substantial gainful activity. However, there was, contrary to plaintiff's protestations, substantial evidence, in the form both of medical opinion and medical data and findings, submitted by Dr. Philippson, that supported the administrative law judge's conclusion that plaintiff's impairments were only mild to moderate. The administrative law judge could properly rely on this particular evidence alone since it was supported by objective medical data and findings, while Drs. Wellen and DiPalermo failed to submit any objective medical findings to support their opinions. *See e. g., Laffoon v. Califano,* 558 F.2d 253, 256 (5th Cir. 1977). In any case, moreover, as our Court of Appeals has recently held in a case arising under this statute, it is within the province of the administrative law judge, as the trier of fact, and not of the reviewing court, to resolve any discrepancies in conflicting evidence. *See Sims v. Harris,* Civil Action No. 79–2035 (D.C.Cir. Nov. 5, 1980). Thus, the mere presence in evidence of expert medical opinions indicating plaintiff had a more serious condition than the administrative law judge found her to have does not indicate that that decision is unsupported by substantial evidence.

■ Second, plaintiff argues that the administrative law judge did not fulfill his duty of exploring and developing all the relevant facts of plaintiff's case. Plaintiff points out, correctly, that an administrative law judge has a special duty to a claimant who, as in this case, is unrepresented by counsel, to seek out and explore all the relevant facts and circumstances. Plaintiff is incorrect, however, in asserting that nothing in the administrative record re-

flects that this obligation was met. Indeed, the record reflects that the administrative law judge who heard plaintiff's case was consistently helpful to plaintiff in the development of her case. He provided an Italian interpreter for plaintiff, Record at 20; he advised her in detail of her right to counsel, *id.;* he accepted into evidence medical reports prepared by her physicians, allowing her an opportunity to object to any portions of them, *id.* at 21; and he asked numerous questions inquiring about various details of all the physical ailments of which plaintiff complained. He endeavored to ensure that all relevant information was elicited by repeatedly asking plaintiff whether she wished to add anything or whether there was any avenue that had not been covered in the hearing, *id.* at 37, 38. He clearly fulfilled his duty to elicit testimony and to attempt to explore all the relevant facts.

■ Plaintiff complains specifically that the administrative law judge failed to pursue evidence concerning plaintiff's stomach condition and nervousness. She claims that she mentioned these problems but that the hearing then ended, leaving the administrative law judge's question whether she had an ulcer unanswered. Plaintiff argues that the failure to explore these facts precludes the conclusion by this Court that the decision was supported by substantial evidence. These questions were not, however, left unexplored since plaintiff had discussed her stomach condition and nervousness earlier in the hearing. *See, e. g.,* Record at 30, 37, 40. Moreover, the medical reports of Drs. Calagna, Philippson, and Eisenstein, admitted into evidence by the administrative law judge, mentioned stomach problems which plaintiff suffered in addition to her other ailments. Record at 74, 98, 107. In light both of plaintiff's testimony and of the medical reports admitted into evidence, there is no basis for concluding that the judge failed to explore the facts and circumstances of plaintiff's condition.

■ The Court thus concludes that neither of the bases of plaintiff's challenge compels reversal of the Secretary's decision

in this case and finds instead that the administrative law judge had before him substantial evidence, both in the form of Dr. Philippson's medical reports and in plaintiff's own testimony about her physical capabilities, to warrant the conclusion that she was able to engage in substantial gainful activity such as she had engaged in previously. The administrative law judge found that plaintiff's physical impairments, caused by asthma, bronchitis and pulmonary emphysema were only mild to moderate, rather than severe. This conclusion is directly supported by the medical opinion of Dr. Philippson and by the medical data submitted by him. The judge further found that the intermittent pain plaintiff described having suffered in her neck and spine had not been severe enough to be considered "disabling" under the Social Security Act. This conclusion is supported by plaintiff's own testimony that she remains able to perform light household duties, as well as by Dr. Philippson's report that plaintiff had normal gait, station and range of motion and had no apparent musculoskeletal abnormalities. Record at 35, 100. Accordingly, the judge found that plaintiff's impairments do not prevent the performance of her "past relevant work" as a sewing machine operator, since that job did not require lifting or frequent bending, activities which plaintiff claims cause her pain. In his evaluation of the evidence, the administrative law judge also noted, in connection with this finding, that plaintiff's intermittent dizziness would not prevent her from performing substantial gainful activity as a sewing machine operator. Thus, in light of plaintiff's own testimony, and of the medical data submitted into evidence, there was substantial evidence based on (1) medical data and findings; (2) medical opinions; (3) subjective complaints of plaintiff; and (4) plaintiff's work history as a sewing machine operator to support that administrative law judge's conclusion that the plaintiff was not under a "disability" as defined in the Social Security Act at any time through the date of this decision. *See supra* at 787. Although plaintiff clearly has suffered from physical impairments, the various elements of proof fail to indicate that the impairments were of such a severity as to bar the performance of any substantial gainful activity. Accordingly, the defendant's motion for judgment is granted and plaintiff's cross motion is correspondingly denied.

\* \* \* \* \* \*

In conclusion, the Court compliments plaintiff's counsel, John Roberts, Esq., of Washington, D. C. Plaintiff is a resident of Italy. Her efforts to prosecute this matter from there without counsel presented almost insurmountable obstacles. Mr. Roberts responded to the Court's call for a volunteer lawyer for plaintiff and has handled this matter with a devotion and skill which is a credit to the Bar.