**Gwen VALENTINE, Plaintiff,**

v.

**Richard S. SCHWEIKER, as Secretary of the Department of Health and Human Services, Defendant.**

No. CV–82–62–GF.

United States District Court, D. Montana, Great Falls Division.

Jan. 25, 1983.

---

William E. Berger, Wilkins & Berger, Lewistown, Mont., for plaintiff.

Byron L. Dunbar, U.S. Atty., Carl Rostad, Asst. U.S. Atty., Great Falls, Mont., for defendant.

## MEMORANDUM OPINION AND ORDER

HATFIELD, District Judge.

Plaintiff, Gwen Valentine, has instituted the present action to obtain judicial review of the final decision of the Secretary of Health and Human Services (hereinafter the "Secretary") denying her disability insurance benefits under the Social Security Act (hereinafter the "Act"), 42 U.S.C. §§ 401 *et. seq.* The matter is before the court upon a motion by the Secretary to affirm his decision denying Mrs. Valentine's claim for benefits. Jurisdiction vests with this court pursuant to 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Mrs. Valentine filed an application for disability benefits on June 18, 1980, alleging she became disabled from multiple sclerosis sometime in the Autumn of 1966. Her claim having been initially denied by the Secretary and again upon reconsideration, Mrs. Valentine requested a hearing, which was held on September 25, 1981.

The Administrative Law Judge (hereinafter the "A.L.J."), upon considering the case *de novo,* determined that Mrs. Valentine was disabled as of January 15, 1967. Since Mrs. Valentine met the special earnings requirements of the Social Security Act as of January 15, 1967, the A.L.J. found she was entitled to a period of disability under § 216(i) of the Act, 42 U.S.C. § 416(i) and disability insurance benefits under § 223(a) of the Act, 42 U.S.C. § 423(a).

Under the authority of 20 CFR § 404.969, the Appeals Council, on its own motion, reviewed the decision of the A.L.J. On March 18, 1982 the Appeals Council reversed the decision of the A.L.J., concluding that Mrs. Valentine possessed the residual functional capacity, as of September 30, 1967, the last date when she met the special earnings requirement of the Act, to return to her former employment as a music teacher.

The issue before the court is whether the foregoing decision of the Appeals Council, which represents the final decision of the Secretary, is supported by substantial evidence. *Harmon v. Finch,* 460 F.2d 1229 (9th Cir.1972), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 571, 34 L.Ed.2d 515 (1972), *reh. denied,* 410 U.S. 918, 93 S.Ct. 971, 35 L.Ed.2d 281 (1973).

Mrs. Valentine, who is currently 39 years old, is a college graduate with a Bachelor of Arts degree in music education. Mrs. Valentine was formerly employed as music teacher in numerous public schools, but has not functioned in that capacity since December of 1966.

Mrs. Valentine is currently disabled by multiple sclerosis. It is difficult to ascertain any precise date when an unequivocal diagnosis of the existence of multiple sclerosis was made. Review of the medical history of Mrs. Valentine reveals that she began to develop an unsteadiness in standing and ambulating, symptomatic of the onset of multiple sclerosis, as early as 1963. Medical examinations conducted in 1964 raised the suspicion that Mrs. Valentine may have been suffering from multiple sclerosis, although no conclusive diagnosis was rendered at that time.

There exists no medical documentation establishing that Mrs. Valentine received medical treatment for any symptoms associated with multiple sclerosis during the period of time from 1965 through 1971. In August and again in November of 1972, Mrs. Valentine was hospitalized for examination and treatment of chronic backache and ambulatory difficulty. Again, no medical documentation for the years of 1973 and 1974 exists.

From 1975 through 1980, Mrs. Valentine's condition obviously degenerated. The record reveals that Mrs. Valentine received regular medical treatment for multiple sclerosis during this period of time.

The work history of Mrs. Valentine is brief. She was employed as a music teacher during the 1964–65 school year. Constant fatigue and muscular weakness resulted in frequent absences which, in the opinion of Mrs. Valentine, effectively precluded her from fulfilling the conditions of her employment. Mrs. Valentine successfully returned to teach the entire 1965–66 school term. After contracting to teach the 1966–67 term, Mrs. Valentine taught until December 1966, but thereafter was unable to complete the remaining portion of that term. Mrs. Valentine had to abandon her teaching career in a school environment as of December 1966, although she did manage to conduct private lessons, on a small scale, until late 1967 or early 1968. After that point in time, Mrs. Valentine was completely unable to effectively teach music on any basis.

## DISCUSSION

It is undisputed that Mrs. Valentine was disabled at the time of her hearing in 1980.

The critical inquiry, however, is whether she was disabled as of September 30, 1967, the last date she met the special earnings requirements of the Act. Restated, Mrs. Valentine carried the burden of establishing that she was "disabled" within the meaning of the Act, on or before September 30, 1967.

The A.L.J. who conducted the administrative hearing concluded that Mrs. Valentine was "disabled" within the meaning of the Act as of January 15, 1967. In its review of the decision of the A.L.J., however, the Appeals Council concluded that Mrs. Valentine possessed the residual functional capacity, on and prior to September 30, 1967, to return to her past work as a music teacher, thereby reversing the decision of the A.L.J. and denying Mrs. Valentine entitlement to a period of disability or to disability insurance benefits under §§ 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i) and 423 respectively.

The decision of the Appeals Council, which represents the final decision of the Secretary, is the decision which this court now reviews in accordance with § 205(g) of the Act, 42 U.S.C. § 405(g). The sole issue before the court is whether the decision of the Appeals Council is supported by substantial evidence. *Harmon v. Finch,* 460 F.2d 1229 (9th Cir.1972), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 571, 34 L.Ed.2d 515 (1972), *reh. denied,* 410 U.S. 918, 93 S.Ct. 971, 35 L.Ed.2d 281 (1973).

A claimant for disability benefits bears the burden of proving that a "disability" exists. 42 U.S.C. § 423(d)(5). "Disability" is defined as "... the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; ...." 42 U.S.C. § 423(d)(1)(A).

The Appeals Council, having concluded that Mrs. Valentine was able to continue working as a music teacher on and prior to September 30, 1967, found, in accordance with § 223(d)(2)(A) of the Act, 42 U.S.C. § 423(d)(2)(A), that she was not "disabled" within the meaning of the Act as of that date. It is that conclusion of the Appeals Council which Mrs. Valentine contends is not supported by substantial evidence of record. "Substantial evidence" is more than a scintilla, meaning such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Johnson v. Harris,* 625 F.2d 311 (9th Cir. 1980). The substantial evidence test under § 205(g) of the Act, 42 U.S.C. § 405(g) does not mean that the findings of the Secretary must be blindly accepted, rather it mandates critical examination of the record and setting aside of the Secretary's decision where necessary to insure a result consistent with congressional intent and elemental fairness. *Hurst v. Mathews,* 426 F.Supp. 245 (D.C.Va.1976); *Bullard v. Califano,* 443 F.Supp. 902 (D.C.Mo.1978). In determining whether the Secretary's denial of disability benefits is supported by substantial evidence, it is the duty of the reviewing court to evaluate the evidence as a whole, taking into consideration (1) objective medical facts or chemical findings; (2) diagnosis of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant and corroborated by other people who have observed him; and (4) claimant's age, education and work history. *Johnson v. Harris,* 612 F.2d 993 (5th Cir. 1980). Where the final decision of the Secretary is contrary to that of the A.L.J. who originally heard a particular case, it is appropriate that the decision be reviewed with greater care, since evidence supporting the decision may be less substantial. *LeMaster v. Weinberger,* 533 F.2d 337 (6th Cir.1980); *Kosnosky v. Richardson,* 328 F.Supp. 1365 (D.C.Pa.1971).

In evaluating the evidence of record as a whole, this court concludes that the final decision of the Secretary, denying Mrs. Valentine's claim, is not supported by substantial evidence.

Mrs. Valentine's situation obviously makes an evaluation of her entitlement to benefits difficult, since one is dealing with a period of time substantially removed from the time of her application for benefits.

Nonetheless, it is the duty of this court, in reviewing the decision of the Appeals Council, to determine whether that entity weighed all elements required to be considered and rendered a decision consistent with the evidence presented.

The Appeals Council concluded that Mrs. Valentine possessed the residual functional capacity to perform "light work", as defined in 20 CFR § 404.1567(b), on and prior to September 30, 1967, which did not preclude her from resuming her past work as a music teacher. These conclusions of the Appeals Council are simply unsupported by the evidence of record.

Mrs. Valentine was last able to function as a music teacher in the school environment on December 31, 1966. The testimony of Mrs. Valentine indicated that after that point in time her physical condition degenerated rapidly. The severe motor and sensory dysfunction and fatigue which she experienced precluded her from continuing to teach in the school environment. The testimony of Mrs. Valentine's husband, relatives, friends and neighbors corroborated the degeneration experienced by Mrs. Valentine.

No medical documentation was presented for the critical period between December 31, 1966 and September 30, 1967 confirming the debilitated condition testified to by Mrs. Valentine and the other witnesses. On the basis that such documentation was lacking, the Appeals Council concluded that Mrs. Valentine was not disabled on or prior to September 30, 1967, but possessed the residual functional capacity to return to her former employment as a music teacher.

The decision of the Appeals Council is devoid of any reason why the testimony of Mrs. Valentine and the other witnesses was rejected. Implicit in the decision is the fact that the Appeals Council rejected the testimony on the basis that it was not unequivocally confirmed by objective medical evidence. The Secretary, citing *Waters v. Gardner,* 452 F.2d 855 (9th Cir.1971), submits that the lack of objective clinical and laboratory findings proving the existence of a disabling impairment during the relevant time period, mandates a finding of non-disability. This court does not read *Waters* as requiring such a holding.

■ This court recognizes that the Secretary need not accept a claimant's subjective testimony alone as establishing sufficient impairment, since determinations of credibility are to be made by the Secretary. *Waters v. Gardner, supra.* However, where there exists no inconsistencies in the claimant's testimony and there exists medical evidence that tends to corroborate that testimony, it is not proper for the Secretary to simply disregard the evidence and resolve the question against the claimant. *Reeves v. Schweiker,* No. CV–81–38 (D.Mont. Dec. 18, 1981); *Maurer v. Harris,* 502 F.Supp. 320 (D.Or.1980). Mr. Valentine's testimony was both consistent and corroborated by the other witnesses who testified. Furthermore, the medical history of Mrs. Valentine more than corroborates her testimony.

In 1964 Mrs. Valentine was evaluated by a neurological surgeon for her complaints of motor and sensory dysfunction. The Secretary acknowledges that at the time of that examination, Mrs. Valentine was completely unable to stand without assistance. Although the 1964 examination did not confirm the existence of multiple sclerosis, the suspicion was certainly raised. At the very least, the medical history as contained in the 1964 report tends to corroborate the testimony of Mrs. Valentine.

The medical history of Mrs. Valentine, subsequent to 1974, unequivocally establishes that she was disabled by multiple sclerosis as of 1974. A letter by the physician who treated Mrs. Valentine since 1978, dated February 11, 1982, confirms that Mrs. Valentine was totally disabled by multiple sclerosis. That same physician opined, in retrospect, that the motor and sensory dysfunction first experienced by Mrs. Valentine in 1964 were symptomatic of the onset of multiple sclerosis.

■ Although the Secretary is not bound by a doctor's conclusion on the ultimate issue of disability, especially when rendered in retrospect, it does not follow that such

evidence is necessarily irrelevant to the question of whether a prior disability existed. *See, e.g., Selig v. Richardson,* 379 F.Supp. 594 (D.C.N.Y.1974). Such retrospective opinions must be considered, along with all other evidence, in determining whether a disability existed at the time in issue. Again, the medical history of Mrs. Valentine, subsequent to 1974, in conjunction with the expert opinion of her treating physician, corroborate her testimony that she became disabled prior to the expiration of her insured status, *i.e.,* September 30, 1967.

It is the opinion of this court that the lack of the medical documentation in issue, standing alone, does not represent evidence sufficient to sustain the decision of the Appeals Council. The record, reviewed as a whole, defies the decision reached by the Appeals Council. The Appeals Council simply disregarded the other evidence of record, something it was not free to do. Accordingly, the decision must be reversed.[1]

In an attempt to bolster its decision, the Appeals Council makes reference to the fact that Mrs. Valentine continued to conduct music lessons on a private basis after December 31, 1966, the last date she was able to continue teaching in a school environment. By way of this reference, the Appeals Council apparently sought to imply that Mrs. Valentine was in fact gainfully employed during the period in issue, even though she may have been unable to teach on a sustained basis in the school environment. Aside from the fact that the Appeals Council failed to make adequate findings with respect to this activity of Mrs. Valentine, review of the record evinces that the activity referred to could hardly be classified as "substantial gainful activity".

The ability to work only a few hours per day or to work only on an intermittent basis is not the ability to engage in "substantial gainful activity". *Cornett v. Califano,* 590 F.2d 91 (4th Cir.1978). Furthermore, examination of such factors as how an activity is performed, limitations a claimant's physical condition imposed and absence rate, not just an earnings record, must be looked to by the Secretary to determine if a particular claimant performed substantial gainful activity. With respect to the private lessons given by Mrs. Valentine, the record reveals that she was able to conduct them only because of her fortitude and resolute intent not to let her physical disabilities interfere with her desire to continue teaching.

Having concluded that the record as a whole does not sustain a finding that Mrs. Valentine was not disabled as of September 30, 1967 but, rather, compels a finding to the contrary, it is not necessary for this court to determine the corollary issue presented by the present case. Specifically, this court need not decide whether a disability, which manifests itself at a time when a particular claimant is not insured, should relate back to a period of disability coverage, if the disability clearly had its genesis during that period of time when the claimant was insured. *See, e.g., Cassel v. Harris,* 493 F.Supp. 1055 (D.Colo.1980). Although the Court of Appeals for this circuit has never specifically addressed that issue, its latest decision implicating the issue implies that such relation back is appropriate. *See, Goerg v. Schweiker,* 643 F.2d 582, 583 (9th Cir.1981).

For the reasons set forth herein, IT IS HEREBY ORDERED that the final decision of the Secretary of Health and Human Services denying benefits to the plaintiff herein is REVERSED.

IT IS FURTHER ORDERED that the plaintiff be deemed entitled to a period of disability commencing on January 15, 1967 and to disability insurance benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 respectively.

---

1. The court notes, that for purposes of establishing "disability" on the basis of statutory blindness, the record reveals that Mrs. Valentine was insured until December 31, 1972. Because this matter is disposed of on the basis that Mrs. Valentine was "disabled" by multiple sclerosis on or before September 30, 1967, the court need not address the issue of whether Mrs. Valentine was disabled by blindness prior to the termination of her insured status.