**Renee BEASLEY, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 85–2934.**

United States District Court, District of Columbia.

June 29, 1988.

---

John S. Olshin, Washington, D.C., for plaintiff.

Daniel Bensing, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Plaintiff, Renee Beasley, brings this action seeking review of a final decision of the defendant, the Secretary of Health and Human Services, which denied plaintiff's application for child's disability insurance benefits under Title II, Section 202(d) and 223(a) of the Social Security Act ("Act"), as amended, 42 U.S.C. § 402(d) & 423(a) (1982). Jurisdiction lies under Section 205(g) of the Act, 42 U.S.C. 405(g) (1982). Presently before us are plaintiff's motion for summary judgment [1] and defendant's motion for judgment of affirmance. For the reasons set forth below, we find that defendant's decision is not supported by substantial evidence. Accordingly, we reverse.

### I. *Procedural History*

Plaintiff filed an application for disability benefits with the Department of Health and Human Services ("the Agency") on November 22, 1983. After her claim was initially denied, she moved for reconsideration. When her application was again rejected, she requested an oral hearing, which was granted.

The Administrative Law Judge ("ALJ") who presided over the hearing concluded that Renee Beasley was not entitled to disability insurance benefits. Request for review by the Appeals Council was denied. The adverse decision of the ALJ then stood as the final decision of the Secretary in the claimant's case.

This litigation was filed on September 17, 1985. After remand to the Agency for redetermination, the Appeals Council subsequently vacated its previous denial of review, and remanded plaintiff's case to an ALJ for further proceedings. On August 22, 1986 the ALJ issued a decision once again finding that plaintiff was not disabled within the meaning of the Act. The ALJ based this determination on his conclusion that the claimant was not disabled as of March 12, 1981, the date on which she attained the age of 22, and that she was capable of performing jobs which exist in significant numbers in the national economy. On February 2, 1987 the Appeals Council issued a decision adopting the find-

---

1. Consistent with *Igonia v. Califano,* 568 F.2d 1383, 1389 (D.C.Cir.1977), we treat plaintiff's motion for summary judgment as a motion for judgment reversing the decision of the defendant.

ings and conclusions of the ALJ, with one modification. The February 2, 1987 decision constitutes the defendant's final determination, and is presently before us for review.

## II. *Discussion*

It is clear that plaintiff bears the burden of establishing a disability as defined by the Social Security Act in order to be entitled to benefits. *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 840 (3rd Cir.1974). The parties agree that the sole issue before us is whether, on the record as a whole, there is substantial evidence to support the Agency's final findings.

### A. *Plaintiff's burden with respect to the underlying controversy*

The child of an individual entitled to old-age or disability insurance benefits, or the child of an individual who dies fully or currently insured, is entitled to child's disability benefits, under Section 202(d)(1)(B) of the Act, 42 U.S.C. 402(d)(1)(B), if at the time of her application, she is "under a disability (as defined in section 423(d) of this title) *which began before [she] attained the age of twenty-two* " (emphasis added).[2] The Act defines "disability," for purposes of the child's disability insurance benefits, as the inability

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505.

The Act further provides that an individual will be determined to be disabled

only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

To carry her burden in the context of this case, plaintiff must establish that she suffered from a severe, medically determinable,[3] physical or mental impairment prior to the date on which she turned 22. Once this is established, the Secretary then has the burden of showing that the claimant, "based upon [her] age, education, work experience, and residual functioning capacity, is capable of performing gainful work." [4] *Brown v. Bowen*, 794 F.2d 703, 706 (D.C. Cir.1986) (citing 20 C.F.R. §§ 404.1520(f), 416.920(f)); *Hayes v. Bowen*, 643 F.Supp. 770, 771 (D.D.C.1986). In special cases, once the impairment is established, an inability to work need not be found. For instance, if plaintiff can establish in this case that she is mentally retarded within the meaning of Section 12.05 of Appendix 1 of the regulations, 20 C.F.R. Part 404, Subpart P, inability to work need not be proven. In determining whether the claimant is disabled, four elements of proof are considered: 1) medical data and findings; 2) expert medical opinions; 3) subjective complaints; and 4) the claimant's age, education, and work history. *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir.1972); *Di Benedetto v. Secretary of the Dep't of Health & Human Services*, 518 F.Supp. 786, 787 (D.D.C.1981).

### B. *The parties' respective positions*

Plaintiff asserts two mental impairments. First, she claims that she suffers from paranoid schizophrenia. Second, she

---

**2.** It is undisputed that plaintiff was the daughter and dependant of a deceased wage earner. It is also undisputed that she is unmarried, as required for eligibility.

**3.** The Act defines a medically determinable impairment as one that "results from an anatomical, physiological, or psychological abnormality which [is] demonstrable by medically accept-

able clinical or laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

**4.** The parties have not incorporated this burden-shifting component in their briefs. We find that even if plaintiff were to bear the burden on this issue, there would not be sufficient basis in the record to support the defendant's determination regarding this matter.

claims that her I.Q. scores are such that she should be deemed mentally retarded.[5] She argues that she was plagued by both of these impairments prior to March 12, 1981, when she attained the age of 22.

The defendant concedes that "the evidence of record in this case reveals that plaintiff currently suffers from a significant mental impairment involving schizophrenia." Defendant's Memorandum in Support of his Motion for Judgment of Affirmance ("Def.Memo."), at 3. But defendant argues, regarding plaintiff's claim of schizophrenia, that "the sketchy evidence of record concerning plaintiff's condition prior to March 12, 1981 simply does not demonstrate that [plaintiff] was disabled prior to that date." Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, at 2 ("Def. Opp."). Defendant asserts that plaintiff's history "at most" indicates "that plaintiff may have had sporadic psychological problems prior to March 12, 1981." *Id.* With regard to plaintiff's claim of mental retardation, the defendant argues that this contention fails for the same reason that her overall argument for entitlement fails—*i.e.,* "the evidence does not demonstrate that she had a condition that met all of the requirements of section 12.05C [mental retardation] *prior to March 12, 1981.*" *Id.* at 3. The crucial issue is, therefore, whether there is substantial evidence in the record to support defendant's conclusion that plaintiff did not suffer from either of these impairments so as to be disabled within the meaning of the Act prior to March 12, 1981.

### C. *The Standard of Review*

In reviewing the Agency's action, "deference is to be afforded the administrative decision and it is not for the trial court to review *de novo* the Secretary's final decision as to findings of fact and the reasonable inferences to be drawn therefrom." *Reyes v. Secretary of Health, Education and Welfare,* 476 F.2d 910, 914 (D.C.Cir. 1973). The court is not, however, to merely act as a "rubberstamp" to the administrative decision. *Perli v. Schweiker,* 543 F.Supp. 394, 395 (S.D.N.Y.1982); *Davis v. Heckler,* 566 F.Supp. 1193 (D.D.C.1983). Rather it is for the court to carefully scrutinize the entire record in order to determine whether the Secretary's decision is supported by substantial evidence. *Brown v. Bowen,* 794 F.2d 703, 705 (D.C.Cir.1986); *see also Dorsey v. Heckler,* 702 F.2d 597, 602 (5th Cir.1983).

Substantial evidence is considered to be "such relevant evidence which a reasonable mind might accept as sufficient to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed. 2d 842 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)); *Graves v. Heckler,* 607 F.Supp. 1186, 1187 n. 2 (D.D.C.1985). The evidence provided clearly must be "more than a mere scintilla." *Richardson,* 402 U.S. at 401, 91 S.Ct. at 1427. With these principles before us, we proceed.

### D. *The Record*

Several important facts are undisputed. The claimant has no past relevant work experience.[6] She completed ten years of formal education, but failed twice to commence with her class. Prior to attaining age 22, she "had a significant medical impairment involving schizophrenia." Administrative Record ("AR"), at 31 (ALJ Finding No. 5). In fact, she was diagnosed

---

**5.** Plaintiff asserts that she is entitled to child's disability benefits because she meets the requirements of Section 12.05C of Appendix 1 of the regulations, 20 C.F.R. Part 404, Subpart P, relating to retardation. Section 12.05C allows for eligibility where the plaintiff has a valid verbal, performance, or full scale "IQ of 60 to 69 inclusive and a physical or other mental impairment imposing additional and significant work-related limitation of function." Under the five step sequence process for evaluating a claimant's alleged disability set forth in 20 C.F.R.

§ 404.1520 (1983), if plaintiff can establish that she comes within this provision, she is considered disabled and the inquiry ends. *Davis v. Heckler,* 566 F.Supp. 1193, 1196 n. 2 (D.D.C. 1983).

**6.** The one job that she did have ended without success, when she was determined by her employer, St. Elizabeth's Hospital, not to be ready for work. AR, at 95–96, 160.

as suffering from paranoid schizophrenia by Dr. Ellen Balsley on October 13, 1978, and was prescribed Stelazine and Cogentin. AR, at 213; Def.Memo., at 4.[7] Her treatment was discontinued after November 20, 1978, because of her failure to keep appointments. Additional psychiatric help was not sought until July, 1982. Plaintiff has a long history of non-prescription drug use, although the extent of such is unclear. Renee Beasley presently suffers from a significant mental impairment involving schizophrenia.

At the second hearing, the ALJ heard testimony from Renee Beasley; Carol Beasley, plaintiff's mother; Bessie S. Bradley, plaintiff's grandmother; and Emmett E. Molloy, a vocational expert. In addition, the ALJ had before him reports prepared by several doctors and psychologists[8] and the transcript of the prior hearing.

### E. Findings

This court has carefully examined the briefs filed by the parties, the decisions of the ALJ and the Appeals Council, and the record as a whole. Our review of the materials presented requires reversal of the Secretary's determination that plaintiff is not disabled. Substantial evidence does not exist in the record to support that decision.

Renee Beasley was diagnosed in 1978 as suffering from paranoid schizophrenia. Plaintiff's mother and grandmother testified that plaintiff has been exhibiting extremely abnormal behavior since age 16 or 17. AR, at 93. The record is replete with examples. Neither the ALJ nor the Appeals Council suggested that the testimony of these family members was in any way noncredible. Plaintiff is presently diag-

nosed as suffering from paranoid schizophrenia. Two medical professionals offered their opinion that, based on their examination of plaintiff and her case history, she suffered from schizophrenia for some time prior to her 22nd birthday.

The Appeals Council found that the record did not contain sufficient information to establish the requisite severity and duration of symptoms prior to age 22 to warrant a favorable outcome. AR, at 7. The Appeals Council found "no basis" in Dr. Lanham's testimony, because "no physician examined the claimant for some three years prior to her 22nd birthday." *Id.* The Appeals Council, which adopted the ALJ's findings, derivatively "placed very little weight" on the opinion of Decker, because his opinion was considered "purely speculative."

Clearly it is not our role to weigh the evidence presented. *Di Benedetto v. Secretary of the Dep't of Health & Human Services*, 518 F.Supp. 786, 787 (D.D.C. 1981). Nevertheless, we find that, given the abundance of materials presented in favor of a finding of disability, and the lack of contraindication, there is not substantial evidence in the record to support defendant's determination that plaintiff was not disabled. Simply put, we find that the *defendant's* conclusion that plaintiff was *not* disabled prior to her 22nd birthday is *speculative* and lacking in support. Even accepting that plaintiff's condition improved somewhat during the period between November 1978 and March 1981, there is no basis in the record for concluding that she improved to the point where she was no longer severely impaired or where she was capable of work.[9]

---

7. We are puzzled by the Appeals Councils' characterization of plaintiff's difficulties during this period as an "emotional illness" due to "personal problems." Clearly this understates the extent of her impairment during this time. Defendant concedes that plaintiff was diagnosed as a paranoid schizophrenic in the Fall of 1978. Def.Memo., at 4.

8. These include reports from Allen Raskin, Ph. D. (AR, at 145–47); Grant Ko, M.D. (AR, at 158–60); Chester Batts, Ph.D. (AR, at 161–63); Ellen Balsley, M.D. (AR, at 211–13); Victorina

Villar, M.D. (AR, at 221–22); Louis Decker, Ph. D. (AR, at 223–24) and David Lanham, M.D. (AR, at 245–45). Dr. Lanham's report took the form of a letter to plaintiff's counsel.

9. Both plaintiff's mother and grandmother indicated that the plaintiff improved somewhat after her visits to the Group Health Association in 1978. The ALJ emphasized the fact that plaintiff's condition improved with medication during that time. We note that while plaintiff is presently taking medication she continues to experience severe mental problems. Thus, even

The evidence is entirely to the contrary. Reports were submitted by, among others, Louis Decker, Ph.D. and David Lanham, M.D. Both had an opportunity to examine the plaintiff. Dr. Lanham suggested that, given plaintiff's condition and history, she "suffered from [a] Schizophrenic Disorder for many years, and certainly for several years prior to age 22." AR, at 245. Decker noted that "[t]he degree of severity of Schizophrenia is, and was [in October, 1978], severe." AR, at 224. He indicated that plaintiff had a thought disorder dating from at least 1978, and that she would have been unable to engage in simple, unskilled work prior to her 22nd birthday.

Our examination of the record, as discussed *infra*, leads us to conclude that the final Agency decision was based on an improper and incomplete review of the record and a disregard of the evidence. First, and foremost, the defendant improperly discounted the medical opinions of Decker and Lanham regarding plaintiff's pre–1981 status. Second, it appears as if the defendant failed to adequately consider the testimony of plaintiff's family, relying almost entirely on the absence of medical and vocational examinations from November 1978—March 12, 1981.

■ The expertise and knowledge of these doctors should not have been summarily dismissed simply because they pertained to a period before the doctors had an opportunity to examine the patient. Some mental disabilities characteristically develop over time or are chronic in nature.[10] Courts have noted that "medical evidence from a time subsequent to a certain period is relevant to a determination of a claimant's condition during that period." *Hayes v. Bowen*, 643 F.Supp. 770, 772 (D.D.C. 1986) (quoting *Halvorsen v. Heckler*, 743 F.2d 1221, 1225 (7th Cir.1984)); *See also Swanson v. Secretary of Health and Human Services*, 763 F.2d 1061, 1066 n. 2 (9th Cir.1985). Retrospective opinions must be considered, along with all other evidence, in determining whether a disability existed at the time in issue. *Valentine v. Schweiker*, 559 F.Supp. 644, 649–50 (D.Mont.1983). Although the Secretary is not necessarily bound by a doctor's conclusion on the ultimate issue of disability, especially one rendered in retrospect, such evidence remains relevant to the question of whether a prior disability existed. *Id.* We note that the findings of these medical professionals were entirely consistent with the testimony of the plaintiff and her family that this condition had its inception prior to plaintiff's 22nd birthday. There is no basis in the record for defendant's determination that plaintiff was not physically disabled on March 12, 1981.

■ There also is no basis in the record for the determination that plaintiff's admitted impairment would not preclude her being gainfully employed.[11] The ALJ found, based on the testimony of Emmett E. Molloy, a vocational expert, that plaintiff was capable of performing jobs which exist in significant numbers in the national economy prior to and upon attaining the age of 22. AR, at 31 (finding No. 9). We find the ALJ's determination, and that of the Appeals Council, to be without basis. As plaintiff rightly points out, Mr. Molloy only testified that *assuming* that plaintiff was capable of performing simple, unskilled,

though plaintiff did improve somewhat with the aid of medication, there is no evidence in the record to indicate that she was not disabled when she received treatment. In fact, a full reading of her family's testimony indicates that she was.

**10.** Interestingly, the ALJ noted the "usually chronic nature of schizophrenia." AR, at 30. He indicated that this factor, along with the testimony of plaintiff's family, were a "reasonable" basis from which "to infer that the claimant had significant chronic mental illness *as of March 12, 1981.*" *Id.* (emphasis added). Neither the ALJ, nor the Appeals Council stated why it was not also reasonable to infer, especially in light of the medical testimony presented, that plaintiff's mental illness began before that date.

**11.** For one such as Ms. Beasley, who suffers from a mental disorder, the regulations suggest as a prerequisite to working the ability to understand, carry out and remember simple instructions, to use sound judgment, to respond appropriately to supervision, co-workers and usual work situations and to deal with changes in a routine setting. 20 C.F.R. 404.1521(b)(2)–(6); *Carrillo Marin v. Secretary of Health & Human Services*, 758 F.2d 14 (1st Cir.1985).

nonstressful jobs, there were jobs available for her to perform. Mr. Molloy readily admitted upon examination that there were items in plaintiff's record which suggested that she might be hampered in her efforts at employment—including her poor concentration, hallucinations and habit of talking to herself. Molloy's testimony was a "thin reed" upon which to rely. There is simply no credible evidence that plaintiff on March 12, 1981 was capable of gainful employment.[12]

An order consistent with the foregoing has been entered this day.

### ORDER

Upon consideration of plaintiff's Motion for Summary Judgment, defendant's Motion for Summary Affirmance, the briefs filed by the parties, and the entire record as a whole, it is by the court this 28th day of June, 1987,

ORDERED that plaintiff's motion, which we treat as a motion for judgment reversing the agency's adverse decision, be and hereby is, granted; and it is

FURTHER ORDERED that the defendant's motion be and hereby is, denied.

---

**12.** In view of this determination, we need not address plaintiff's assertion that the Secretary's decision rejecting her claim of mental retardation also was not supported by the evidence.