Katherine T. MURRAY, Plaintiff,

v.

Margaret HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 85–1468.

United States District Court,
District of Columbia.

Jan. 13, 1986.

Michael DeMouy, Washington, D.C., for
plaintiff.

Claire Whitaker, Asst. U.S. Atty., Wash-
ington, D.C., for defendant.

MEMORANDUM

GASCH, District Judge.

Plaintiff challenges an administrative de-
cision that found that she was not disabled
so as to qualify for Supplemental Security
Income ("SSI") benefits. The parties have
filed cross-motions for judgment. For the
reasons stated below, the Court remands
the case to the Secretary for reconsidera-
tion.

I. THE FACTUAL BACKGROUND

Plaintiff is a 65-year-old resident of the
District of Columbia who worked as a cook,
salad maker, and counter clerk from 1976
to 1982. These jobs involved significant
walking and standing, some sitting, and
stooping, bending, reaching, and limited
lifting.

On October 17, 1983, plaintiff filed a claim for SSI benefits. She claims to suffer from a variety of ailments which, taken together, amount to a severe disability rendering her unable to work. These ailments include degenerative arthritis of the spine, hips, knees, and fingers, hypertension, elevated cholesterol levels, restrictive pulmonary disease, and glaucoma.

Plaintiff's application for benefits was denied initially and on reconsideration. On consideration *de novo*, an administrative law judge ("ALJ") ruled that plaintiff's ailments were not such as to prevent her from working as a cook and counter clerk. Plaintiff petitioned the Appeals Council for review of the ALJ's decision and submitted a brief arguing her position and additional medical evidence in the form of reports from Dr. Ulep, her treating physician, and the Howard University Hospital. The Appeals Council concluded, however, that there was no basis for changing the ALJ's decision and, accordingly, declined review.

## II. DISCUSSION

### A. *The Administrative Record*

By statute, a person is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A) (1982 & Supp.1984). Physical impairments must be "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(C). A combination of impairments may constitute disability. 20 C.F.R. § 416.911 (1985). Here plaintiff argues that the combined effect of her ailments is such as to render her disabled.

1. In 1964, plaintiff underwent an operation for pulmonary tuberculosis. A surgical incision was made into the wall of the chest and part of her left lung was removed.

2. The only other evidence relating to plaintiff's medical condition consisted of statements by plaintiff and Social Security Administration officials. Plaintiff's comments included com-

The record is replete with medical evidence on plaintiff's condition. A report by Dr. Bruce Kressel dated December 13, 1983 found that plaintiff had indicia of hypertension and arthritis and a history of tuberculosis.[1] Her blood pressure was found to be fairly well controlled but, due to arthritis, plaintiff suffered from "mild to moderate" restriction of movement in her hips and knees.

An examination by Dr. Kathleen Cantwell on March 14, 1984 found that plaintiff had arthritic spurring resulting from degenerative changes in her right hip and right knee. On March 21, 1984, Dr. Byron Cooper reported that pulmonary function studies showed that plaintiff had moderate to severe reduction in all pulmonary flows. Dr. Cooper found that these problems were due in part to plaintiff's tuberculosis operation, her use of a special hypertension drug, and her cigarette smoking habit.

Finally, on April 11, 1984, Dr. Frank Watkins conducted an examination of plaintiff for arthritic problems and determined that plaintiff had a "mild degenerative disease." Dr. Watkins noted in his report, "I did not see great evidence of disability by these physical as well as radiological findings."

The medical evidence in the record thus consisted of reports from physicians who each examined one of plaintiff's impairments.[2] Generally, these individual ailments were found to be of moderate severity. There was no report by a doctor which attempted to ascertain whether, taken as a whole, the ailments constituted severe disability.

On the basis of this medical record, the ALJ concluded that plaintiff was not disabled. The ALJ's opinion states:

plaints of leg pain and swelling and of difficulties in lifting, climbing stairs, standing for long periods, and walking for long distances. One official stated that she "did not observe any difficulties" with plaintiff, while another noted that plaintiff "walked slowly" and "appeared to have limited mobility of arms and hands."

Claimant's discomfort and shortness of breath are acknowledged; however, the resulting functional limitations have been characterized as mild to moderate. The evidence contradicts claimant's allegations that she is unable to work due to arthritis and other impairments. There is no evidence of any medically determinable impairment which precludes her engaging in work activities which entail lifting no more than ten pounds with no carrying, 4 to 6 hours walking and standing, and 1 hour of sitting in an 8 hour day.

The ALJ found that these work abilities would allow plaintiff to return to her past work and thus ruled that plaintiff was not disabled under 20 C.F.R. § 416.920(e).

After the ALJ's decision was rendered, plaintiff offered two additional pieces of medical evidence to the Appeals Council in support of her petition for review. The first was a statement from Dr. Diosdado Ulep of the Howard University Family Health Center, where plaintiff had been treated on a regular basis since 1977. Dr. Ulep recounted the variety of ailments plaguing plaintiff and concluded, "Due to the multiple medical problems including her age, [plaintiff] is not able to perform gainful employment." The second piece of medical evidence was a letter from Dr. Robert Copeland of the Howard University Hospital which reported that plaintiff was receiving treatment for chronic open-angle glaucoma.

By letter dated March 4, 1985, the Appeals Council rejected plaintiff's request for review. The letter stated, "In reaching this conclusion, the Appeals Council carefully considered each of the contentions raised by your ... brief ..., as well as the additional medical evidence but decided that neither the contentions nor the additional evidence provides a basis for changing" the ALJ's decision.

B. *Review of the Administrative Decision*

■ The Secretary's disability decisions are reviewed under a substantial evidence standard. *See Holland v. Heckler*, 768 F.2d 277, 280 (8th Cir.1985); *Bilby v. Schweiker*, 762 F.2d 716, 718 (9th Cir.1985) (per curiam). "Substantial evidence" is more than a mere "scintilla" of evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed. 2d 842 (1971).

■ The burden of showing disability is on the claimant. *See Bianchi v. Secretary of Health and Human Services*, 764 F.2d 44, 45 (1st Cir.1985) (per curiam). As such, affirmance of the ALJ's decision is justified if the claimant failed to offer sufficient evidence of medically determinable ailments to carry her burden. *See Wilson v. Heckler*, 761 F.2d 1383, 1386 (9th Cir. 1985).

Here the evidence showed that plaintiff suffered from a number of ailments which, taken individually, were classified as moderately severe. None of the medical reports, however, considered whether the aggregate effect of plaintiff's ailments was such as to render her disabled. As the court of appeals for this circuit recently noted, an ALJ may fail to understand "the implications of [the claimant's] *combination* of disabilities on his ability to perform" past work. *Narrol v. Heckler*, 727 F.2d 1303, 1307 (D.C.Cir.1984) (per curiam).

This Court need not consider whether the ALJ failed to properly consider the combined effect of plaintiff's ailments, however, because it is clear that the Appeals Council erred in not reviewing the ALJ's decision after plaintiff had submitted the statement of Dr. Ulep.

■ It is hornbook law that, in disability cases, the assessment made by the claimant's treating physician is entitled to significant weight. *See, e.g., Jones v. Heckler*, 760 F.2d 993, 997 (9th Cir.1985); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985); *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir.1984) (per curiam). As the *Narrol* court explained, "Because [treating] doctors had much greater familiarity with [the

claimant's] condition, their reports should have been accorded substantial weight." *Narrol,* 727 F.2d at 1306.

Accordingly, as one court recently noted, "If the [Secretary] wishes to disregard the opinion of the treating physician, [the Secretary] must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record, even where the treating physician's opinion is controverted by the Secretary's consultant." *Fife v. Heckler,* 767 F.2d 1427, 1431 (9th Cir.1985). *See Narrol v. Heckler,* 727 F.2d at 1307; *see also Ferguson v. Schweiker,* 765 F.2d 31, 37 (3d Cir.1985).

Thus, the Appeals Council was required to provide reasons for its decision to disregard the analysis of Dr. Ulep, and the curt and perfunctory letter rejecting plaintiff's appeal fell far short of meeting this requirement. Accordingly, in this case, as in *Narrol,* the Court believes a remand is appropriate to allow for full administrative consideration of the cumulative effect of plaintiff's ailments and the diagnosis of Dr. Ulep. If the Secretary elects to disregard Dr. Ulep's opinion, then she must set forth specific reasons for doing so.