Thelma R. HAYES, Plaintiff,

v.

Otis R. BOWEN, Defendant.

Civ. A. No. 83–2179.

United States District Court,
District of Columbia.

Aug. 11, 1986.

Christopher Whittingham, Washington, D.C., for plaintiff.

Claire Whitaker, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

GASCH, District Judge.

This action is brought pursuant to 42 U.S.C. § 405(g) and seeks reversal of a decision denying plaintiff's application for Social Security disability insurance benefits. Currently before the Court are the parties' cross-motions for judgment.

## I. BACKGROUND

Plaintiff is a sixty-one-year-old woman with a ninth-grade education. Her work experience includes employment as an office cleaner, domestic, stockroom clerk and, from 1966 to 1973, as a stock clerk in a drug store. Plaintiff has not held a job since 1973.

On May 19, 1981, plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income ("SSI"). Plaintiff alleged that she had been disabled since January, 1975 due to obesity, a hernia, hypertension, stomach problems, and arthritis. Since claimant last met the special earnings requirements of the Social Security Act on March 31, 1978, she is

entitled to disability benefits only if she is found to have been disabled prior to that date.

During initial administrative consideration of her claim, plaintiff was examined by several doctors who reported that she was obese and was experiencing hypertension, varicose veins, degenerative arthritis, a sliding hiatal hernia, and irritable bowel syndrome. Several pre–1978 medical reports also were examined. On December 8, 1982, an Administrative Law Judge ("ALJ") found that plaintiff was suffering from obesity, degenerative arthritis and pain resulting therefrom, hypertension, venous insufficiency, and irritable bowel syndrome and concluded that plaintiff was "disabled" as of May 19, 1981 for purposes of receiving SSI payments. The ALJ also concluded, however, that plaintiff was not entitled to disability benefits because she had not established a "severe" impairment, as defined in 20 C.F.R. § 404.1520(c), before March 31, 1978. *See* A.R. 24–25. On May 23, 1983 the Appeals Council denied review of the latter decision, and the Secretary's decision denying disability benefits became final. *See* A.R. 3.

Plaintiff thereafter sought review of the denial, and this Court reversed and remanded the case to the Secretary. *See Hayes v. Heckler*, No. 83–2179 (Oct. 15, 1984). The Court held that the Secretary had failed to consider plaintiff's credible subjective testimony on the onset of her disability and had failed to elicit evidence from consulting physicians on the question of onset. *Id.*

On remand, the Appeals Council vacated its prior denial of plaintiff's petition for review and remanded the case to an ALJ. Additional medical evidence was received, and a supplemental hearing was held. On September 26, 1985, the ALJ concluded that plaintiff was not "disabled" prior to March 31, 1978 because she retained the functional capacity to perform her past work as a drug store clerk. A.R. 256–57. By opinion dated March 7, 1986, the Appeals Council adopted the findings and conclusions of the ALJ, and the Secretary's

denial of disability benefits became final. *See* A.R. 227.

## II. DISCUSSION

The Court's role is to determine whether, on the basis of the entire record, the Secretary's decision is supported by "substantial evidence." *See Brown v. Bowen*, 794 F.2d 703 at 705 (D.C.Cir.1986). "If substantial evidence exists, then the Secretary's factfinding is conclusive." *Id.* at 705. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.E.2d 842 (1971).

By law, "disability" is defined as the inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A) (1982). Furthermore, the ailments must be of such severity that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work." *Id.* § 423(d)(2)(A).

The claimant bears the burden of producing sufficient evidence of medically determinable ailments to establish severe impairment. *See Brown v. Bowen*, at 706; *Wilson v. Heckler*, 761 F.2d 1383, 1386 (9th Cir.1985); *Murray v. Heckler*, 624 F.Supp. 1156, 1158 (D.D.C.1986). The Secretary then has the burden of showing that the claimant, "based upon his or her age, education, work experience, and residual functioning capacity, is capable of performing gainful work." *Brown v. Bowen*, at 706 (citing 20 C.F.R. §§ 404.1520(f), 416.920(f)).

With these standards in mind, the Court turns to plaintiff's arguments for reversal.

### A. *Consideration of Plaintiff's Subjective Complaints*

Plaintiff first argues that the Secretary failed to adequately consider plaintiff's tes-

timony that, prior to 1978, she suffered from obesity, hypertension, irritable bowel syndrome, and varicose veins which resulted in continuous pain and significant functional limitations. Plaintiff notes that this Court remanded this case because plaintiff's "entirely credible subjective testimony" had been "improperly disregarded." *Hayes v. Heckler*, mem. at 3.

The ALJ's ruling includes the following discussion of plaintiff's testimony:

> With regard to the period of time through May 31, 1978, the undersigned is persuaded that claimant was restricted from performing work activities which entailed lifting more than fifty pounds, or required other st[r]enuous activities. In reaching this conclusion, the undersigned has not rejected claimant's testimony completely, nor has it been rejected on the sole basis of her activities during the time period of [sic] in question, the absence of clinical findings, or her inability to afford medical treatment. However, there is no evidence which establishes claimant was unable to perform the exertional and non-exertional requirements of her past relevant work as a drug store clerk.

A.R. 256. The Appeals Council's opinion includes a more extensive discussion of the credibility of plaintiff's testimony. The Council noted that plaintiff has "changed her alleged onset date and alleged limitations continually, with successive allegations of earlier onset dates and greater restrictions being related." A.R. 224. The Council then added:

> The Appeals Council concludes that the claimant's earliest allegations of onset and daily activities are more indicative of her medical condition as of the date she applied for benefits, May 19, 1981, than are the later, far more severe allegations she related in her testimony. These initial allegations were based on the claimant's responses to questions concerning onset and activities without regard to the earnings requirement issue. Her later allegations, which continually noted more restrictions and earlier onset dates of

disability, were clearly self-serving and not credible. Further, the medical evidence from December 1974 through November 1980 fails to document any objective findings or references to subjective complaints which would give any credence to her testimony.

A.R. 224–25.

Plaintiff focuses upon the ALJ's decision and argues that the ALJ failed to give "serious and fair consideration" to plaintiff's subjective testimony. *See Narrol v. Heckler*, 727 F.2d 1303, 1306 (D.C.Cir. 1984). Defendant focuses upon the more detailed discussion of the Appeals Council. Defendant notes that a claimant's testimony "as to a particular disability is insufficient evidence, however, unless supported by medical evidence." *Cunningham v. Heckler*, 764 F.2d 911, 922 (D.C.Cir.1985). Defendant also notes that the Secretary may properly reject self-serving testimony on credibility grounds absent supporting medical evidence. *See Taylor v. Heckler*, 765 F.2d 872 (9th Cir.1985); *Dumas v. Schweiker*, 712 F.2d 1545 (2d Cir.1983).

■ The record includes pre–1978 evidence of plaintiff's obesity, *see* A.R. 195, 199, pain, *see* A.R. 199, and hypertension, *see* A.R. 195, 198. There is no apparent pre–1978 medical support for plaintiff's claim of arthritis. The post–1978 medical evidence, and the original ALJ's decision on plaintiff's SSI eligibility, also provide support for plaintiff's claims. *See* A.R. 115–20, 306–08, 309, 315; *see also* A.R. 25. Courts have noted that "medical evidence from a time subsequent to a certain period is relevant to a determination of a claimant's condition during that period." *Halvorsen v. Heckler*, 743 F.2d 1221, 1225 (7th Cir.1984); *see also Swanson v. Secretary of Health and Human Services*, 763 F.2d 1061, 1066 n. 2 (9th Cir.1985); *Diabo v. Secretary of Health, Education and Welfare*, 627 F.2d 278, 282 (D.C.Cir.1980). Thus, post–1978 findings of degenerative arthritis and other ailments provide support for plaintiff's testimony that these ailments had their inception prior to 1978.

An additional problem arises from the Appeals Council's partial reliance upon the

lack of pre–1978 medical evidence supporting plaintiff's claims. Plaintiff has testified that she had not sought medical treatment during that period due to indigency, and there is nothing in the record to contradict her testimony. In its earlier decision, this Court noted that "it is impermissible for the ALJ to find absence of disability based on an absence of medical data in these circumstances." *Hayes v. Heckler,* mem. at 3 (citing *Basinger v. Heckler,* 725 F.2d 1166, 1170 (8th Cir.1984)).

A reviewing court may properly be reluctant to intrude upon the Secretary's assessment of the credibility of testimony. The Appeals Council's credibility determination, however, was based solely on the basis of the record and not upon a personal assessment of plaintiff's demeanor while testifying. On the other hand, the ALJ, who did view plaintiff's demeanor, expressly noted that he had "not rejected claimant's testimony completely." A.R. 256. Significantly, the first ALJ also specifically found plaintiff's testimony to be credible. *See* A.R. 25. Moreover, there was some objective, pre–1978 medical evidence supporting plaintiff's claims of obesity, pain, and hypertension, as well as post–1978 evidence consistent with plaintiff's testimony. Finally, the record indicates that rejection of plaintiff's testimony was based in part upon impermissible consideration of the lack of pre–1978 medical evidence. In view of these circumstances, the Court concludes that the Secretary's complete rejection of plaintiff's testimony constituted a failure to give "serious and fair consideration" to that testimony and thus was erroneous. *See Narrol v. Heckler,* 727 F.2d at 1306.

### B. *Opinions of Plaintiff's Treating Physician*

Plaintiff's second contention is that the Secretary failed to consider the opinions of Dr. Joseph Salama, plaintiff's treating physician since 1983. Dr. Salama's statement avers that plaintiff's obesity is genetic and has existed since plaintiff was 15 years old, that plaintiff has suffered from degenerative arthritis since 1972 or 1973, that plaintiff has suffered from hypertension since 1970, that plaintiff has experienced leg cramps since 1960, that plaintiff has had irritable bowel syndrome since before 1975, and that plaintiff has experienced leg and abdominal pain since the early 1970s. *See* A.R. 369–70.

■ It is well settled that the opinions of treating physicians are entitled to substantial weight because of their greater familiarity with the claimant's condition. *See Narrol v. Heckler,* 727 F.2d at 1306; *see also Jones v. Heckler,* 760 F.2d 993, 997 (9th Cir.1985).[1] In view of this deference, this Court quite recently stated:

> "If the [Secretary] wishes to disregard the opinion of the treating physician, [the Secretary] must make findings setting forth specific legitimate reasons for doing so that are based on substantial evidence in the record, even where the treating physician's opinion is controverted by the Secretary's consultant."

*Murray v. Heckler,* 624 F.Supp. at 1159 (quoting *Fife v. Heckler,* 767 F.2d 1427, 1431 (9th Cir.1985)); *see also Ferguson v. Schweiker,* 765 F.2d 31, 37 (3d Cir.1985); *Narrol v. Heckler,* 727 F.2d at 1307.

■ Here the Secretary failed to give substantial weight to the opinions of Dr. Salama. While the ALJ noted those opinions, *see* A.R. 255, he did not set forth any specific reasons for rejecting those opinions. Furthermore, the Appeals Council failed to even mention Dr. Salama's opinions, much less provide reasons for disregarding them.

**1.** It is not controlling that Dr. Salama did not begin treating plaintiff until after the 1978 "determination date" at issue in this case. As plaintiff has noted, and defendant has not disputed, courts have afforded substantial weight to the opinions of treating physicians under such circumstances. *See, e.g., Basinger v. Heckler,* 725 F.2d 1166 (8th Cir.1984); *Millner v. Schweiker,* 725 F.2d 243 (4th Cir.1984); *Boyd v. Heckler,* 704 F.2d 1207 (11th Cir.1983); *Dousewicz v. Harris,* 646 F.2d 771 (2d Cir.1981).

Defendant argues that Dr. Salama's opinions were not entitled to substantial weight because they were not supported by clinical findings. *See Wheeler v. Heckler,* 784 F.2d 1073, 1075 (11th Cir.1986); *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (5th Cir.1981). This argument is unavailing because this reason for rejecting Dr. Salama's opinion was not stated by either the ALJ or the Appeals Council. As the court of appeals recently noted, "Inasmuch as this analysis is nowhere to be found in the Secretary's decision, this post-hoc argument is precluded by the teaching of *SEC v. Chenery Corp.,* 318 U.S. 80, 87 [63 S.Ct. 454, 459, 87 L.Ed. 626] (1943)." *Brown v. Bowen,* 708 at n. 7. In addition, as the *Wheeler* court noted, the weight attached to a treating physician's opinions "depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments." 784 F.2d at 1075. In this case, Dr. Salama's opinions as to obesity, pain, and hypertension are consistent with plaintiff's testimony, pre–1978 medical reports, and post–1978 medical evidence. This corroborating evidence indicates that Dr. Salama's opinion should not have been wholly disregarded.

The record thus shows that the Secretary erred by failing to give adequate weight to the opinions of Dr. Salama and by failing to provide specific and legitimate reasons for rejecting his opinions.

### C. *Evidence of Onset Date*

■ In its October 15, 1984 memorandum and order, this Court remanded to allow the Secretary "to elicit from the physicians who established the plaintiff's present disability whether the medical impairments appeared to have had their onset prior to March of 1978." *Hayes v. Heckler,* mem. at 3 (citing *Basinger v. Heckler,* 725 F.2d 1166 (8th Cir.1984)). On remand, plaintiff was examined by three new consultative physicians. Dr. Charles Abrams

found that plaintiff had "spastic colon by history, hiatal hernia by hernia [sic], . . . and a history of abdominal pain." A.R. 306. Dr. Abrams also noted that, due to the hernia, plaintiff could lift no more than ten pounds. A.R. 307. Dr. Gerald Shugoll found that plaintiff had "no peripheral vascular disease" but that the pain in her knees and ankles "can be explained by degenerative arthritis." A.R. 309–10. Dr. Shugoll also found that plaintiff had "no functional impairment on a vascular basis." A.R. 311. Dr. Calvin Griffin found that plaintiff had "Degenerative Joint Disease of her knees, . . . Morbid Obesity, Hypertension and Varicose Veins." A.R. 315.

The reports of the consultative physicians express no opinions as to the onset of plaintiff's disability. It thus appears that the Secretary erred by not complying with this Court's instructions.

The Court's review of the record leads it to conclude that the Secretary erred by completely disregarding plaintiff's testimony and the opinion of her treating physician and by failing to obtain opinions from the consulting physicians as to the onset date of her ailments. As such, this case must be remanded to the Secretary for reconsideration of plaintiff's application.[2]

---

2. In view of this determination, the Court need not address plaintiff's claims that the Secretary erred by failing to consider the cumulative effect of plaintiff's ailments and by applying 20 C.F.R. § 404.1520(c), a regulation recently declared "null and void" by Judge Jackson of this court. *See Weathers v. Heckler,* 629 F.Supp. 1496 (D.D.C. Mar. 10, 1986).