Nettie CONWAY, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health
and Human Services, Defendant.

Civ. A. No. 82–3396.

United States District Court,
District of Columbia.

July 27, 1987.

Alan A. Temberton, Neighborhood Legal
Services, Washington, D.C., for plaintiff.

James N. Owens, Asst. U.S. Atty., Washington, D.C., for defendant.

## OPINION

JOHN GARRETT PENN, District Judge.

Plaintiff challenges an administrative decision that found that she was not disabled so as to qualify for Disability Insurance Benefits, Supplemental Security Income (SSI), or Widow's Insurance Benefits. The parties have filed cross-motions for judgment. After carefully considering the motions and the record in this case, and for the reasons stated below, the Court affirms the Secretary's decision as to the widow's benefits, and reverses the Secretary's decision as to the disability insurance and SSI claims.

## I. FACTUAL BACKGROUND

Plaintiff is a 64 year old widow with only five years of education. She is not currently employed. After working as a domestic for the fifteen previous years, plaintiff ceased working in February 1981.[1] According to plaintiff, she stopped working because of ailments described as arthritis, bursitis, and menopausal syndrome. Immediately thereafter, she claimed Disability Insurance Benefits, SSI, and Widow's Insurance Benefits.

A hearing was convened before an administrative law judge (ALJ) on May 21, 1982. The evidence at the hearing consisted of the plaintiff's testimony, and the reports of her treating physicians, Dr. Bullock and Dr. Crockett. The ALJ concluded that plaintiff's impairments are not severe enough to warrant a finding of a disability. The Appeals Council, acting for the Secretary, affirmed the ALJ's conclusion. Plaintiff then appealed that decision to this Court. Determining that further medical evidence was needed, the Court ordered plaintiff to submit to an independent medical examination and remanded the case to the agency for further consideration.

Memorandum Order, filed September 30, 1983.

The evidence produced on remand consisted of outpatient notes from Howard University Hospital; the report of Dr. Griffin, a consultative physician who is a specialist in rheumatology and internal medicine; and a note from Dr. Bullock stating that his previous opinion "still holds true."

After considering the additional evidence, the ALJ issued a recommended decision finding that plaintiff is not disabled within the meaning of Social Security Act and the agency's regulations. The Appeals Council adopted that decision, which is the subject of the present motions.

## II. DISCUSSION

### A. Statute and Regulations

Title II of the Social Security Act (Act) provides for the payment of insurance benefits to people who have contributed to the program and who suffer from a physical or mental disability. 42 U.S.C.A. § 423(a)(1)(D) (West Supp.1987). Title XVI of the Act provides for the payment of disability benefits to indigent people under the SSI program. § 1382(a). Both titles of the Act define "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." § 423(d)(1)(A). *See* § 1382c(a)(3)(A).

The Secretary has adopted a five-step process to determine if a claimant is disabled for the purpose of receiving disability insurance benefits and SSI. 20 CFR §§ 404.1520 and 416.920 (1986). Under the first step, an individual who is engaged in substantial gainful activity is not disabled. 20 CFR §§ 404.1520(b) and 416.920(b). An individual not engaged in substantial gainful activity must prove a severe impairment which significantly limits the ability to do basic work activities. 20 CFR §§ 404.1520(c) and 416.920(c). Examples of work activities listed in the regulations include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pull-

---

**1.** While the ALJ stated that only the previous fifteen years are relevant, we note that plaintiff

testified that she worked as a domestic since 1940.

ing, reaching, carrying, or handling." 20 CFR §§ 404.1521(b)(1) and 416.921(b)(1). If a severe impairment exists, it is measured against a Listing of Impairments. 20 CFR § 404, Subpart P, App. 1; 20 CFR §§ 404.-1520(d) and 416.920(d). If the impairment meets the standards of severity and duration in Appendix 1, the claim is approved. *Id.* If the impairment does not meet the criteria of severity in Appendix 1, and the claimant is still capable of performing past work, the disability will be denied. 20 CFR §§ 404.1520(e) and 416.920(e). If the claimant is incapable of performing past work, the ALJ will consider the claimant's residual functional capacity, along with claimant's age, education, and work experience to make a final determination concerning disability. 20 CFR §§ 404.1520(f) and 416.-920(f).

In this case, the ALJ reached the second step in the evaluation and found that plaintiff does not have a severe impairment or combination of impairments which significantly limit her ability to perform basic work activities.

The Supreme Court recently upheld the validity of the "severity regulations", 20 CFR §§ 404.1520(c) and 416.920(c), relied upon by the ALJ in this case. *Bowen v. Yuckert,* —— U.S. ——, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In doing so, the Court noted that the Secretary has issued a ruling "[t]o clarify the policy for determining when a person's impairment(s) may be found 'not severe'...." *Id.* at 107 S.Ct. 2297–98 n. 12 (quoting Social Security Ruling 85–28, which can be found in West's Social Security Reporting Service, Rulings, at 473–474 (Supp.1986)). Under that ruling:

> An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at [step two] when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered ... If ... evidence shows that the person cannot perform his or her past relevant work because of the unique features of that work, a denial at the "not severe" step of the sequential evaluation process is inappropriate.

Social Security Ruling 85–28 (emphasis added).

In contrast to the five-step evaluation described above, the test for disability for widow's benefits is based strictly on whether the impairment meets or equals the criteria set forth in the Listing of Impairments (step three above). 20 CFR § 404.1578(a)(1).

## B. The Administrative Record

There is ample medical evidence on plaintiff's condition in the record. Dr. Crockett, who treated plaintiff from 1967 to 1974, evaluated plaintiff's condition in a report dated May 18, 1982. His report diagnosed osteoarthritis in the back, hip, and knees, and stated that plaintiff walks with a slight limp. It also indicates that the performance of her former job has had an adverse effect on plaintiff by making her unable to stand, stoop, or bend, and it states that bending, stooping, lifting, and standing aggravates her condition. Blood tests showed rheumatoid arthritis, but x-rays were normal.

Dr. Bullock, plaintiff's treating physician since 1974, reported that plaintiff suffers from bursitis flare-ups in her left shoulder and right hip every two or three months, which are accompanied by swelling and limitations of movement. He stated that plaintiff does respond to treatment, and that when her bursitis is in remission, she has no neurological deficits, muscle weakness or atrophy, swelling, or gait abnormalities. Dr. Bullock also diagnosed plaintiff as suffering from menopausal syndrome, although he noted that plaintiff's mental status is normal and does not require any psychiatric treatment or medication. He also noted that since plaintiff had a hysterectomy in 1974, she has complained of headaches, nervousness, back pain, inability to sleep or concentrate, hot flashes, migratory pains, and arthritis in her hands

and knees. Dr. Bullock recommended that plaintiff retire.

Dr. Griffin examined plaintiff pursuant to the Court's order. He diagnosed a degenerative joint disease, but he found no significant limitation in the range of movement in plaintiff's hips, back, knees, or shoulders. His report does note that her ailments would limit her ability to lift, carry, sit, walk, and perform other simple work functions over an entire eight hour period. Dr. Griffin specifically stated that her limitations are based upon pain and the abnormal curvature of her back. He concluded that with physical therapy and weight reduction, plaintiff could do sedentary work.

Finally, the outpatient notes from Howard University Hospital confirm plaintiff's complaints of pain and decreased range of movement, and diagnose degenerative changes in the body joints. A physical examination revealed a decreased range of motion in her right hip, and sensory abnormalities in her lower extremities, provisionally diagnosed as peripheral vascular disease. Bone scans disclosed possible degenerative changes in her left S–1 joint, and in her knees and feet.

In addition to the medical reports, there is testimony in the record from plaintiff. She testified that although she can walk up and down a flight of stairs, she can only walk for about a block and a half before she has to stop because of pain in her hip and knees. She stated that she can sit for limited periods, stand for about an hour, and bend a little bit, but that she cannot kneel or squat. She added that she has trouble sleeping, her hands and fingers get numb, and that she can lift only about ten pounds.

After reviewing the evidence, the ALJ stated that:

> [t]he claimant has some degree of degenerative joint disease and post-menopausal syndrome, but ... these impairments, alone or in combination, are not so severe as to meet or equal the criteria of the Listing of Impairments, nor are they even shown to be such as to significantly limit the claimant's ability to carry out basic work functions.

## C. Review of the Administrative Decision

Review of the agency's fact-finding is confined to determining whether the ALJ's decision that plaintiff is not disabled is supported by substantial evidence in the record. 42 U.S.C.A. § 405(g) (West Supp. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Review under this standard calls for careful scrutiny of the entire record. *Brown v. Bowen*, 794 F.2d 703, 705 (D.C.Cir.1986); *Cunningham v. Heckler*, 764 F.2d 911 (D.C.Cir.1985). Since the burden of showing a disability is on the claimant, 20 CFR §§ 404.1512 and 416.912, affirmance of the ALJ's decision is justified if the claimant failed to offer sufficient evidence of medically determinable ailments to carry her burden. *Murray v. Heckler*, 624 F.Supp 1156, 1158 (D.D.C.1986).

The Court does not take issue with the ALJ's finding that plaintiff can still perform some basic work activities despite her impairments. Such a finding was supported by the report and statement of Dr. Griffin. Dr. Griffin had concluded that plaintiff could sit during a normal workday as long as she could take a ten or fifteen minute break every two hours to get up and walk around. Similarly, he stated that she could stand for six or more hours as long as she could occasionally sit for ten or fifteen minutes. He also stated that she could lift twenty pounds occasionally, but not more than ten pounds constantly.

■ Although plaintiff's current treating physician recommended that she retire, the ALJ was not bound by that recommendation, even though the reports of treating physicians are given great weight. *See Narrol v. Heckler*, 727 F.2d 1303, 1306 (D.C.Cir.1984); *Hayes v. Bowen*, 643 F.Supp. 770, 773 (D.D.C.1986). The ALJ was entitled to weigh the conflicting opinions and to make his own assessment of

their credibility, *Brown*, 794 F.2d at 706, so long as he did not merely ignore the conflicting testimony of the treating physician. *Narrol*, 727 F.2d at 1306, 1307; *Hayes*, 643 F.Supp. at 773. Here, the ALJ stated that Dr. Bullock's report lacked any objective medical findings, and the transcript of the hearing indicates his opinion that Dr. Crockett's report lacked credibility since he had not treated plaintiff for seven years and the report was not based on any tests.

 The ALJ, however, must also make his conclusion as to the severity of plaintiff's impairment within and according to the governing regulations. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two of the evaluation process. *Yuckert*, 107 S.Ct. at 2298 (O'Connor, J., concurring). As the Secretary's ruling noted by the Court in *Yuckert* explains, benefits should not be denied at step two if evidence shows that the claimant cannot perform his or her past work because of the unique features of that work. Social Security Ruling 85–28.[2] This ruling "made it absolutely clear that [the Secretary] interprets the severity regulation as no more than a *de minimis* policy that will not result in the denial of benefits to an applicant who either cannot perform his or her own past work, or cannot perform other substantial gainful activity." *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118 (1st Cir.1986).[3]

 Here, the most optimistic evaluation of plaintiff's work prospects was that with weight loss and physical therapy, she could do some type of sedentary work. Clearly, plaintiff's previous work as a domestic was not sedentary. That work involved scrubbing floors, washing walls, lifting or pushing furniture, turning over mattresses, and frequent bending. Given the fact that neither plaintiff's treating physician nor the consultative physician believes that she can perform her past work, the Court cannot conclude that the ALJ was justified in finding that plaintiff's impairments did not significantly limit her ability to do any basic work activities. Furthermore, the ALJ virtually ignored plaintiff's pain, which was part of Dr. Griffin's basis for finding that her ability to do work activities is limited. It appears that the ALJ applied an incorrect standard and determined that because plaintiff could perform some limited activities, she does not have a severe impairment, even though there were uncontradicted doctor's opinions that she could not perform her past work. His denial of plaintiff's claim at step two was therefore improper.

 In contrast, the Court concludes that the ALJ's finding of no disability for the purpose of widow's benefits must be upheld. The standard for being considered disabled for these benefits is much more difficult for a claimant to meet. The claimant's burden is to show that she cannot do *any* gainful activity. 20 CFR § 404.1577. To do so, she must show that she suffers from a condition with clinical findings that meet or equal those for any impairment in the listings found at 20 CFR § 404, Subpart P, App. 1. 20 CFR § 404.1578. Here, Dr. Griffin's report provides substantial evidence to support the finding that plaintiff can do *some* gainful activity. Furthermore, plaintiff has not even argued that her condition meets or equals any particular condition in the listings.

Since step three in the disability evaluation for SSI and disability insurance is the same as the disability test for widow's benefits, the next question is whether plaintiff

2. Much of the language in this ruling was more recently adopted in Social Security Ruling 86–8 which provides that a denial at the "not severe" step is inappropriate if the individual is unable to perform past relevant work. *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118 (1st Cir.1986). Although Social Security Rulings do not have the force and effect of law and regulations, they are a proper source of guidance for interpreting the agency's regula- tions. *See Lauer v. Bowen*, 818 F.2d 636 (7th Cir.1987).

3. The Court in *Yuckert* neither construed the Secretary's ruling, nor addressed the issue of whether the statute requires a *de minimis* standard, as the 9th Circuit Court of Appeals had invalidated the severity regulation on its face. *Yuckert*, 107 S.Ct. at 2297.

can perform her past relevant work. As discussed above, the record in this case clearly shows that she cannot. The reports of both doctors indicate that she cannot perform her past work, and the consultative physician concluded that at best, she could perform sedentary work. After hearing plaintiff's testimony about her work activities, the ALJ described her work as "light to medium," both of which are categories requiring more exertion than sedentary work. 20 CFR §§ 404.1567 and 416.967. Even if the Secretary could determine that plaintiff can do light work, there would still be no basis for finding that she can do her past work, which also requires medium physical exertion levels.

The fifth and final step in the evaluation for SSI and disability insurance benefits is a determination of whether, in light of a claimant's residual functional capacity, age, education, and work experience, she can perform other work available in the national economy. 20 CFR §§ 404.1520(f) and 416.920(f). At this stage, these factors are evaluated under the rules and tables found in Appendix 2 of the regulations. 20 CFR Subpart P, App. 2; 20 CFR § 200; 20 CFR §§ 404.1569 and 416.969. Here plaintiff is of advanced age, 20 CFR §§ 404.1563(d) and 416.963(d), she has a marginal education, 20 CFR §§ 404.1564(b)(2) and 416.-964(b)(2), her past work was unskilled, 20 CFR §§ 404.1568(a) and 416.968(a), and at most, she has a residual capacity to perform light work. 20 CFR §§ 404.1567(b) and 416.967(b).[4] Therefore, under the rules and tables in Appendix 2 for both sedentary and light work capacity, plaintiff must be considered disabled. 20 CFR Subpart P, App. 2, Table 1, Rule 201.01 and Table 2, Rule 202.01.

Therefore, in view of the above, and pursuant to 42 U.S.C.A. § 405(g), plaintiff's motion will be granted, and the Secretary's decision will be reversed, as the Court finds that plaintiff is disabled for the purposes of receiving SSI and disability insurance benefits. The Secretary's decision that plaintiff is not disabled for the purpose of receiving widow's benefits will be affirmed.

An appropriate order has been issued.

## ORDER

This case is before the Court on the plaintiff's motion for judgment to reverse the Secretary's decision, and on defendant's motion for judgment of affirmance. After carefully considering the motions and the entire record in this case, the Court concludes that plaintiff's motion should be granted in part and denied in part, and that defendant's motion should be granted in part and denied in part.

Therefore, in view of the above, it is hereby

ORDERED that plaintiff's motion to reverse the Secretary's decision that plaintiff is not disabled for the purpose of receiving supplemental security income and disability insurance benefits is granted; and it is further

ORDERED that the Secretary's decision that plaintiff is not disabled for the purpose of receiving supplemental security income and disability insurance benefits is reversed; and it is further

ORDERED that plaintiff's motion to reverse the Secretary's decision that plaintiff is not disabled for the purpose of receiving widow's benefits is denied; and it is further

ORDERED that the Secretary's decision that plaintiff is not disabled for the purpose of receiving widow's benefits is affirmed.

---

**4.** Again, the consultative physician's stated opinion is that she can do only sedentary work. It appears from the record, however, that the Secretary's position is that under the regulations, she can perform light work.