Edith L. HULL, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.

No. 03–6282–KI.

United States District Court, D. Oregon.

June 23, 2004.

James Kocher, Lane County Legal Aid Service, Eugene, OR, for Plaintiff.

Karin J. Immergut, United States Attorney, District of Oregon, Craig J. Casey, Assistant United States Attorney, Portland, OR, David M. Blume, Special Assistant United States Attorney, Social Security Administration, Seattle, WA, for Defendant.

## OPINION

KING, District Judge.

Plaintiff Edith Hull brings this action pursuant to 42 U.S.C. § 1383(c)(3) of the Social Security Act to obtain judicial review of a final decision of the Commissioner finding that Hull was ineligible to receive supplemental security income benefits ("SSI") because she was fleeing to avoid prosecution for a felony and also finding, for the same reason, that Hull had been overpaid SSI benefits for two years. I reverse the decision of the Commissioner.

## FACTS

Hull received SSI benefits from January 2000 through February 2002. On January 29, 2002, the Social Security Administration ("SSA") notified Hull that she was ineligible to receive any of the SSI benefits paid because there was an outstanding warrant for her arrest on felony charges in Nevada. SSA asked Hull to repay $8,957 in overpaid benefits. Hull requested a hearing and, through her attorney, waived appearance and asked for a decision on the record, including her affidavit concerning her knowledge of the felony charge.

On October 25, 2002, the ALJ issued a decision finding that Hull was not eligible for SSI benefits. This decision became the final decision of the Commissioner when the Appeals Council declined to review the decision of the ALJ.

In particular, the ALJ found that on October 17, 1995, the Justice Court of Sparks Township, County of Washoe, issued a warrant of arrest for Hull for felony charges of obtaining money by false pretenses and uttering a forged instrument. The warrant was still active and the Sparks, Nevada, police would extradite from an adjoining state, including Oregon where Hull was living. Hull had taken no action to clear the warrant. Thus, the ALJ found that Hull was fleeing to avoid prosecution for a felony, was ineligible for SSI payments, that SSA had overpaid her SSI from January 2000 through February 2002, and that Hull was not eligible for ongoing SSI payments.

The record contains a copy of a computer screen dated April 11, 2002, which shows that Hull has an outstanding warrant in Case Number 95–CR–2481. There is also a copy of the Criminal Complaint filed on October 17, 1995, showing that Hull is charged with Obtaining Money by False Pretenses, a felony, and Uttering a Forged Instrument, a felony. The Complaint alleges that sometime between May 1, 1995, and July 31, 1995, Hull cashed a check without authorization at an Albertson's on the account of Side Town, Inc., in an amount over $250. The Affidavit in Support of Complaint and Warrant of Arrest states that Jack Chen, the owner of Side Town, Inc., left the country during those three months and left blank signed

checks for emergency purposes with his employee, Hull. Hull cashed one of the checks for $962.65 for goods and cash at Albertson's even though there was no emergency giving her the authority to do so.

Hull states that she lived in Nevada until late July 1995, when she moved to Oregon. The criminal charges were not filed until October 1995, after Hull moved. She never made any appearance and had no knowledge of the Nevada charges until she got the letter from the SSA in January 2002. After moving, Hull obtained an Oregon driver's license and lived at the same address for four years. She then moved to her current Oregon address where she has lived for three years. Hull has not changed her name or done anything else to avoid law enforcement.

Hull was arrested at her home on the Nevada warrant on April 22, 2004, while this case was pending. When she waived extradition, the court gave Nevada until May 7, 2004, to take custody of her. When Nevada failed to take custody, the court released Hull from jail on May 7, 2004, and dismissed the fugitive charge against her.

## LEGAL STANDARDS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act. 42 U.S.C. § 1382(a).

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998). Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance, of the evidence. *Id.*

Even if the Commissioner's decision is supported by substantial evidence, it must be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision. *Id.* The court must weigh both the evidence that supports and detracts from the Commissioner's decision. *Id.* The trier of fact, and not the reviewing court, must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the Commissioner. *Id.* at 720–21.

## DISCUSSION

Hull challenges the determination that she is ineligible for SSI benefits and was overpaid SSI benefits. Hull argues that she had no knowledge of the warrant or related court proceedings until notified by the SSA of the warrant's existence. Thus, she contends that she did not flee because she had no knowledge that there was a reason to do so. Basing her argument on the statute and regulations, Hull argues that the fleeing felon provision only applies if a person intends to flee from prosecution and not if a warrant exists but is unknown to the person. Once she learned of the warrant from the SSA, Hull maintains that she is still not ineligible because she has no affirmative duty to clear the warrant. She notes that, particularly with SSI beneficiaries, there may be a number of reasons why the claimant cannot clear the warrant, including either the financial or physical inability to work through the process to do so.

The Commissioner argues that neither the statute nor the regulations require a claimant's intent to flee prosecution to be

declared ineligible for SSI benefits as a fleeing felon. Alternatively, the Commissioner notes that Hull moved to Oregon within weeks of allegedly fraudulently cashing one of her employer's checks and prior to her employer's return to the country. Thus, the Commissioner contends that it is reasonable to interpret the facts to indicate that Hull fled Nevada in anticipation of prosecution once her employer returned. Moreover, the Commissioner notes that, at the time of filing the brief, Hull had done nothing to clear the outstanding warrant and was thus evading law enforcement by inactivity.

The statute defines an individual as ineligible for SSI benefits if the person is "fleeing to avoid prosecution, or custody or confinement after conviction, under the laws of the place from which the person flees, for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the person flees." 42 U.S.C. § 1382(e)(4)(A); *see also* 20 C.F.R. § 416.202(f)(1). The related regulation states that if a person is ineligible for SSI benefits for fleeing to avoid prosecution for a felony, the suspension is effective on the first day of the earlier of:

> The month in which a warrant or order for the individual's arrest or apprehension, an order requiring the individual's appearance before a court or other appropriate tribunal (e.g. a parole board), or similar order *is issued by a court* or other duly authorized tribunal *on the basis of an appropriate finding that the individual is fleeing, or has fled, to avoid prosecution* . . . .

20 C.F.R. § 416.1339(b)(1)(I) (emphasis added), or the first month during which the individual fled, if indicated in a warrant, order, or a decision by a court or other appropriate tribunal:

The SSA has an operations manual that explains its interpretations of the regulations and the procedures for processing claims. The manual has a section on what it terms the fugitive felon exclusion:

> As long as a United States warrant or court order is active, SSA considers an individual to be "fleeing" for SSI eligibility determination purposes. This is true even if the law enforcement agency is unwilling to extradite.
>
>     .     .     .     .     .
>
> . . . Although the warrant may not specifically state that the individual is a fugitive, or that the individual is fleeing, SSA still considers the individual to meet the ineligibility criteria of the fugitive felon provisions until the warrant is resolved.
>
> . . . SSI ineligibility applies for all months from the date a valid warrant is issued through the month in which the warrant is satisfied.

Program Operations Manual System ("POMS") SI 00530.030.

■ The court must give substantial deference to an agency's interpretation of its own regulations and must defer "unless an alternative reading is compelled by the regulation's plain language or by other indications of the Secretary's intent at the time of the regulation's promulgation." *Providence Hospital of Toppenish v. Shalala,* 52 F.3d 213, 216 (9th Cir.1995) (internal quotation omitted).

■ The important regulation, quoted in full above, states in redacted form that a person is ineligible from the month in which a warrant for the individual's arrest is issued by a court on the basis of an appropriate finding that the individual is fleeing to avoid prosecution. 20 C.F.R. § 416.1339(b)(1)(I). Under the Commissioner's interpretation, as explained in the POMS, the language requiring a court finding is superfluous. The Commissioner argues that if a warrant is issued, the person is a fleeing felon under the statute

and remains so until the warrant is resolved. This is not what the regulation provides. It requires a court finding that the person is fleeing. As contended by Hull, this could come, for example, in the form of a warrant issued for failure to appear. Consequently, I decline to give deference to the SSA's interpretation of its regulation because I find that an alternative reading is compelled by the regulation's plain language. This is the only way to give meaning to all parts of the regulation.

Although there is evidence that an arrest warrant was issued for Hull, the warrant itself is not part of the record. This is important because there is nothing else in the record to indicate that the warrant was issued by a court on the basis of an appropriate finding that Hull fled to avoid prosecution. The lack of evidence on this point is dispositive of the issue before me.

As additional support for my decision, I note that the statute does not have a clear definition of a fleeing felon. The cases interpreting 18 U.S.C. § 3290, which provides that no statute of limitations shall extend to any person fleeing from justice but gives no definition of fleeing, provide some guidance. For the tolling effect of § 3290 to be used, the prosecution must prove that the accused concealed himself with the intent to avoid arrest or prosecution. "[T]he prosecution need only prove that the defendant knew that he was wanted by the police and that he failed to submit to arrest." *United States v. Gonsalves*, 675 F.2d 1050, 1052 (9th Cir.), *cert. denied*, 459 U.S. 837, 103 S.Ct. 83, 74 L.Ed.2d 78 (1982). The analysis of the tolling statute undercuts the Commissioner's position that only an active warrant is required, with no evidence of intent to flee, prior to deeming a person ineligible under the fleeing felon provision. Moreover, the Social Security regulations provide that SSI benefits may be resumed when it is determined that the individual is no longer fleeing to avoid prosecution. 20 C.F.R. § 416.1339(c). Thus, an individual may receive benefits during the prosecution of the charges. It makes no sense to deem an individual ineligible if they do not even know the charges exist and consequently do not flee. Here, the only evidence of flight, that Hull moved to Oregon shortly after allegedly cashing the check, is too slim to conclude for these purposes that she was fleeing.

In summary, I conclude that the Commissioner has not proven that Hull falls within the statutory provision that fleeing felons are ineligible for SSI benefits. I find that the ALJ's decision is not supported by substantial evidence in the record and is not based on correct legal standards.

## CONCLUSION

The decision of the Commissioner is reversed. The case is remanded for findings that: (1) Hull does not fall within the fleeing to avoid prosecution for a felony provision of 42 U.S.C. § 1382(e)(4)(A) and thus is not ineligible to receive SSI benefits because of that provision; (2) Hull was not overpaid SSI from January 2000 through February 2002; and (3) Hull is eligible for ongoing SSI payments after February 2002, assuming that she is not ineligible for a separate reason, and her payments should be reinstated and made current.