**Marlo T GARNES, Plaintiff,**

v.

**Jo Anne B BARNHARDT, Commissioner of Social Security Defendant.**

**No. C 02–4428 VRW.**

United States District Court, N.D. California.

Nov. 5, 2004.

Gerald A. McIntyre, Los Angeles, CA, Jeanne Finberg, Robert P. Capistrano, Oakland, CA, Ralph Murphy, Richmond, CA, for Plaintiff.

Alex G. Tse, U.S. Attorney's Office, San Francisco, CA, for Defendant.

### ORDER

WALKER, Chief Judge.

Plaintiff Marlo T Garnes appeals from a decision by the Social Security Administration's (SSA's) Appeals Council to terminate her Social Security Income (SSI) benefits. That decision was based on the SSA's finding that an outstanding 1990 warrant issued against plaintiff in the State of Virginia made her ineligible as "fleeing to avoid prosecution" under 42 USC section 1382(e)(4)(A). Plaintiff's underlying entitlement to SSI benefits based on developmental disability and mental illness is uncontested. Before the court are cross-motions for summary judgment on the question of whether the Appeals Council's determination that plaintiff was "fleeing to avoid prosecution" should stand or should be overturned. Based on a careful review of the administrative record and of the applicable law, the court GRANTS the plaintiff's motion and DENIES the defendant's motion.

I

A

According to plaintiff's declaration, she was born in San Francisco in 1967 and raised in Richmond, California. AR 112. She was born with a developmental disability. *Id.* In 1981, when she was fourteen years old, she moved with her mother to Arlington, Virginia. AR 113. Plaintiff suffered from "severe anxiety and depression," was hospitalized twice for her "mental condition" and was "emotionally incapable of living independently and depended on [her] mother for everything." *Id.*

In 1990, plaintiff was arrested in Virginia for allegedly failing to return a rental car on time. AR 107. Plaintiff cannot remember the details of the 1990 criminal proceedings. *Id.* On May 19, 1990, plaintiff was released on her own recognizance on agreeing to appear in court on May 23, 1990. AR 8, 49. According to plaintiff's brief, there was no court session on May 23, 1990, due to a fire in the courthouse that resulted in asbestos contamination. Pl's Reply at 2, n 1. In June of 1990, plaintiff's mother moved back to Richmond, California to take care of plaintiff's elderly grandfather. AR 51, 73. According to plaintiff, "I was not able to live on my own so I moved back to Richmond with

my mother and daughter." *Id.* Plaintiff's declaration states "I did not leave Virginia in order to avoid prosecution." *Id.* On June 18, 1990, a court document styled "Capias: Attachment of the Body" (the "warrant") was issued for plaintiff after she failed to appear at a court hearing June 14, 1990. AR 117. Plaintiff was later arrested in California based on this outstanding warrant, but was released after being told that Virginia would not extradite her. AR 107, 113.

B

In January 2001, plaintiff applied for Supplemental Security Income (SSI) benefits, which were approved retroactively to January 2001. AR 113. Plaintiff was found eligible on the basis of a mental impairment. AR 42.

On November 28, 2001, the Social Security Office of Inspector General (OIG) forwarded a request for information to the social security office in Richmond, citing the June 18, 1990 warrant. AR 53. Two form paragraphs on the request were checked: (1) "SSI recipient was positively identified as the fugitive felon. The relevant law enforcement agency was unable to locate the fugitive at the address shown on SSR records," *id*; and (2) "Subject is still in a fugitive status * * *," *id.*

On December 14, 2001, the SSA sent plaintiff a notice advising her that her benefits would be terminated effective January 2002 because "you are:

Fleeing to avoid trial on a criminal charge of a felony, or attempt to commit a felony; or

Fleeing to avoid jail, prison or custody after conviction of a felony, or attempt to commit a felony; or

Violating a condition or your parole or probation."

AR 57.

Plaintiff timely requested reconsideration, AR 40, which was denied by letter

from the SSA dated January 4, 2002. AR 31. Plaintiff then timely requested a hearing before an administrative law judge, AR 47. With the assistance of Bay Area Legal Aid, plaintiff submitted a brief in support of her position. AR 41–77.

On April 26, 2002, the ALJ issued a five-page ruling concluding that plaintiff's SSI benefits had been "improperly suspended." AR 91–96. The ALJ focused on the language of 20 CFR 416.1339, the implementing regulation for section 1611(e)(5) of the Social Security Act, 42 USC § 1382(e)(4)(A), and identified deficiencies in the record on which the SSA acted to terminate plaintiff's benefits.

The ALJ noted that 20 CFR 416.1339(b) authorized the suspension of benefits in the month in which

a warrant or order for the individual's arrest or apprehension, an order requiring the individual's appearance before a court or other appropriate tribunal * * * or similar order is issued by a court or other duly authorized tribunal *on the basis of an appropriate finding that the individual*—(A) Is fleeing, or has fled, to avoid prosecution as described in paragraph (a)(1) of this section . . .

or "The first month during which the individual fled to avoid such prosecution * * * *if indicated in such warrant or order, or in a decision by a court or other appropriate tribunal.*" Decision dated April 26, 2002 ("ALJ Decision") at 3, AR 15. The ALJ noted that the record provided to him by the SSA contained neither a copy of the warrant on the basis of which plaintiff's benefits were terminated nor a recitation of the warrant's contents, but that a copy of the warrant had been placed in the record by the plaintiff's representative. Upon inspection of the warrant, the ALJ noted that the warrant was based on plaintiff's "failure to appear" and did not con-

tain a finding that the plaintiff was "fleeing to avoid prosecution." *Id.* "Of course," the ALJ added, " 'failure to appear' is a far cry from fleeing to avoid a felony prosecution." *Id.*

In reversing the SSA and ordering plaintiff's benefits restored, the ALJ stated:

> I find the facts in this case to be compelling. Most significant, however, is the Administration's failure to abide by the statute and regulations by suspending the claimant's SSI benefits before confirming that the requirements have been met. The regulation clearly requires that a warrant that is the grounds for a suspension of SSI benefits be issued on the basis of "an appropriate finding that the individual is fleeing" * * *. There is no indication in the file that the Administration made any effort to obtain a copy of the warrant before suspending the claimant's benefits. Indeed, they appear to have simply ignored the * * * regulation's requirement * * *.

ALJ Decision at 4, AR 16.

Plaintiff's victory proved short-lived. The SSA's Appeals Council, acting at the request of the SSA's San Francisco Center for Programs, took up plaintiff's case on its own motion under 20 CFR section 416.1469 to consider "whether the claimant must be considered to be fleeing from felony prosecution as of June 1990 and whether that status precludes her eligibility for supplemental security income as of January 2001, the month of her application." Decision of Appeals Council, July 9 2002, AR 6.

The Appeals Council reversed the ALJ. Acknowledging that the relevant legal authorities, 42 USC § 1382(e)(4) and 20 CFR § 416.202, "are silent regarding a definition of 'fleeing to avoid * * *' or what entity must establish that an individual is 'fleeing,' " it cited the supplemental information published in the Federal Register

with the new regulation for four propositions:

> (1) the [SSA] will rely on law enforcement agencies to determine whether an individual is fleeing to avoid prosecution for a crime.
>
> (2) prosecution of an individual includes all steps necessary to reach a judicial determination of guilt or innocence;
>
> (3) Congress did not provide exceptions to the fugitive felon rule based on the nature of the originating crime or the State's reluctance to extradite the individual; and
>
> (4) this legislation was passed to purposely prohibit the expenditure of Federal funds to aid those who are violating the law.

Appeals Council Decision at 2, AR 7, citing 65 Fed Reg 40492–96.

The Appeals Council's decision further described the SSA's approach to applying the regulation as follows:

> With the silence of the law and regulation regarding a definition for 'fleeing' and no way to differentiate 'fleeing' from other reasons an individual may not appear at a court hearing, [SSA] guidelines provide that, regardless of what charge is indicated on the warrant, the [OIG] will verify with the appropriate law enforcement agency that the individuals' felony warrant remains active and the individual is still being sought. If so, the claimant is assumed to be a fugitive felon.

Appeals Council Decision at 3, AR 8.

In reversing the ALJ, the Appeals Council reached the following conclusions from the evidence:

> the claimant (1) was aware that she was being prosecuted for a crime; (2) agreed to not depart the Commonwealth of Virginia prior to the final disposition of the case; and (3) left the state before the

case was closed. The Appeals Council observes that the claimant indicated that she moved to the State of California to be with family members. Nevertheless, the move was illegal, as she left * * * Virginia prior to the final disposition of her case.

*Id.*

In September 2002, plaintiff filed this action challenging, under 42 USC section 405(g), the Appeals Council's action. After defendant answered, the parties filed cross-motions for summary judgment. Doc # 11, 12. On May 22, 2003, plaintiff filed a "notice of change in circumstances." Doc # 17. It stated that on May 9, 2003, a court in Virginia recalled the order for plaintiff's arrest, thus resolving the issue that led to the suspension of her SSI benefits. Plaintiff contends that a live case or controversy nonetheless remains for this court to adjudicate—that is, the plaintiff's entitlement to the benefits already withheld, which SSA will not pay her without an order of this court stating that she is entitled to them. *Id.*

## II

■ The court's jurisdiction is limited to determining whether the SSA's denial of benefits is supported by substantial evidence in the administrative record. 42 USC § 405(g). A district court may overturn a decision to deny benefits only if the decision is not supported by substantial evidence or if the decision is based on legal error. See *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989). The Ninth Circuit defines "substantial evidence" as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039.

■ It is well established that federal courts defer to an agency's reasonable interpretation of its statutes and regulations. *Campbell ex rel Campbell v. Apfel*, 177 F.3d 890, 893 (9th Cir.1999). "Legislative regulations, if consistent with statutory authorization, adopted pursuant to proper procedure, and reasonable, have the force of law." *Id.*, citing *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law, however, do not warrant *Chevron*-style deference. *Community Hospital of the Monterey Peninsula v. Thompson*, 323 F.3d 782, 791 (9th Cir.2003), quoting *Christensen v. Harris County*, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000). An administrative agency's interpretive rules

> while not controlling on the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment * * * will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistence with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.

*Community Hospital*, 323 F.3d at 791–92, quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944).

Where the final decision of the Secretary is contrary to that of the ALJ who originally heard a particular case, it is appropriate that the decision be reviewed with greater care, since evidence supporting the decision may be less substantial. *Valentine v. Schweiker*, 559 F.Supp. 644, 647 (D.Mont.1983), citing *LeMaster v. Weinberger*, 533 F.2d 337 (6th Cir.1976).

## III

The adjudication of these motions requires determining whether the Appeals Council employed the correct legal principles when applying 42 USC section 1382(e)(4) and its supporting regulations to the facts of plaintiff's case, and whether substantial evidence supported its conclusions.

The federal statute from which the administrative actions at issue arise was enacted in 1996, as part of the Personal Responsibility and Work Opportunity Reconciliation Act, Pub L 104–193, a welfare reform law that amended several parts of the United States Code. The statute provides:

No person shall be considered an eligible individual or eligible spouse for purposes of this subchapter with respect to any month during such month the person is -

(A) fleeing to avoid persecution, or custody or confinement after conviction, under the laws of the place from which the person flees, for a crime, or an attempt to commit a crime, which is a felony under the laws of the place from which the person flees * * *; or

(B) violating a condition of probation or parole imposed under Federal or State law.

42 USC § 1382(e)(4). The SSA's enabling regulations, cited in pertinent part above as quoted by the ALJ in section I.B, were promulgated in 2000 following a formal public notice and comment period.

Defendant takes the position that neither the statute nor the regulation requires the SSA to take any steps to determine that a recipient of SSI benefits is actually "fleeing." The Appeals Council Decision referred to "supplemental information" prepared by SSA in support of 20 CFR section 416.1339 and published in the Federal Register, and later, SSA "guidelines" in support of this position. AR 7–8.

The agency responses to citizen comments in the Federal Register include the following statement: "We have no way of determining whether or not an individual is aware that he or she is wanted for a criminal offense and is knowingly fleeing from prosecution. We must rely on official reports and other similar determinations from various law enforcement agencies that an individual is fleeing to avoid prosecution." 65 Fed Reg 40492. The "guidelines" referred to were neither specifically cited in the Appeals Council Decision nor in defendant's papers. Presumably, reference is to the SSA's Program Operations Manual System (POMS), which provides in pertinent part:

SI 00530.030 Why Do We Need a Warrant or Court Order?

POLICY

The complexities of criminal law that dictate whether or not an individual meets the definition of fugitive felon or parole or probation violator are sometimes unclear and can vary from state to state. For this reason, *SSA relies on the expertise of law enforcement agencies and courts for determinations about an individual's legal status.* As long as a United States warrant or court order is active, SSA considers an individual to be "fleeing" for SSI eligibility determination purposes. This is true even if the law enforcement agency is unwilling to extradite.

In an OIG referral case, the special agent responsible for the case will confirm the warrant information with the appropriate law enforcement agency and supply this information to the FO. An OIG referral case that includes the warrant number and the name, address, and phone number of the warrant issuing agency, is evidence of fugitive status. * * * *Although the warrant may not specifically state that the individual is a*

*fugitive, or that the individual is fleeing, SSA still considers the individual to meet the ineligibility criteria of the fugitive felon provisions until the warrant is resolved.*

POMS SI 530.030, cited in *Hull v. Barnhart,* 336 F.Supp.2d 1113 (D.Or.2004)(emphasis added).

■ Defendant argues that the statute's failure to define "fleeing to avoid prosecution" means that this court "is constrained to defer to the Commissioner's interpretation and application of the statute," citing *Washington Department of Social and Health Services v. Chater,* 163 F.3d 1129 (9th Cir.1998). Specifically, *Chater* quotes the United States Supreme Court's opinion in *Thomas Jefferson University v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994):

> [W]e must give substantial deference to an agency's interpretation of its own regulations. Our task is not to decide which among several competing interpretations best serves the regulatory purpose. Rather, the agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation* * *.

163 F.3d at 1134. "This deference is warranted all the more when 'the regulation concerns a complex and highly technical regulatory program, in which the identification and classification of relevant criteria necessarily require significant expertise and entails the exercise of judgment grounded in policy concerns.'" *Id.*

The instant regulation does not implicate an area of special SSA expertise. On the contrary, SSA's guidance explicitly states that "SSA relies on the expertise of law enforcement agencies and courts for determinations about an individual's legal status." POMS SI 530.030. This diminishes the degree of deference due to its interpretation of its regulations.

As noted by the ALJ, the plain language of 20 CFR section 416.1339(b)(1)(I) states that an individual becomes ineligible for SSI benefits when a warrant "is issued by a court or other duly authorized tribunal on the basis of an appropriate finding that the individual is fleeing, or has fled, to avoid prosecution." SSA's policy would make this language superfluous: the agency learns that there is a warrant outstanding, and takes steps to terminate benefits. An agency interpretation that nullifies part of a formally promulgated regulation deserves no deference. It is inconsistent with the regulation and not even a reasonable reading of it. The plain language of the regulation compels closer scrutiny of the factual basis for terminating an individual's SSI benefits under 42 USC section 1382(e)(4).

Another district court reached a similar conclusion in *Hull v. Barnhart,* 336 F.Supp.2d 1113 (D.Or.2004). Presented with arguments by the SSA that a claimant's benefits could be terminated based on the existence of a warrant she knew nothing of, the court declined to give deference to SSA's POMS guidance under 20 CFR § 416.1339(b)(1)(I) because "an alternative reading is compelled by the regulation's plain language." On that basis, the court ordered the claimant's benefits reinstated.

SSA's contention that there is, in effect, no intent requirement for an individual to be found to be "fleeing" is unsupportable. In the *Hull* case, the court borrowed the meaning of "fleeing from justice" from the case law developed under 18 USC section 3290: "the prosecution need only prove that the defendant knew that he was wanted by the police and that he failed to submit to arrest," id at 1116, quoting *United States v. Gonsalves,* 675 F.2d 1050, 1052 (9th Cir.1982), cert. denied, 459 U.S. 837,

103 S.Ct. 83, 74 L.Ed.2d 78. Black's Law Dictionary defines "flee from justice" as:

Removing one's self from or secreting one's self within jurisdiction wherein offense was committed to avoid arrest; or leaving one's home, residence, or known place of abode, or concealing one's self therein, *with intent, in either case, to avoid arrest, detention, or punishment for some criminal offense.*

Black's Law Dictionary 639 (6th Ed 1990). Black's defines "flight from prosecution" as:

The evading of the course of justice by voluntarily withdrawing one's self in order to avoid arrest or detention, or the institution or continuance of criminal proceedings, regardless of whether one leaves jurisdiction. Also comprehends continued concealment. Such is considered to exist when an accused departs from the vicinity of the crime under circumstances such as to indicate a sense of fear, or of guilt or to avoid arrest, even before the defendant has been suspected of the crime.

*Id.* at 640. All of these formulations of the concept of "fleeing" contain an intent requirement. The fact that 42 USC section 1382(e)(4)(A) does not define "fleeing" does not excuse the SSA from its obligation to make a determination that actions by an individual's that are used as the basis for terminating that individual's SSI benefits are, at least in part, motivated by an intent to avoid prosecution.

■ The court turns now to the factual record in support of the competing assertions regarding plaintiff's status as a "fleeing felon." The Appeals Council's analysis makes assumptions about plaintiff's ability to manage her legal and personal affairs that are not supported by any evidence in the record and, indeed, are contradicted by the scant evidence on this subject that the record contains. "The evidence indicates that the claimant (1) was aware that she was being prosecuted for a crime; (2) agreed to not depart the Commonwealth of Virginia prior to the final disposition of the case; and (3) left the state before the case was closed." AR 8. According to the Appeals Council, these evidentiary findings were sufficient to support its determination that plaintiff was "fleeing prosecution for a felony" when she moved to California.

The Appeals Council made no findings regarding plaintiff's mental competence at the time of these events, nor whether it was financially or logistically possible for her to remain in Virginia to resolve her legal problems after her mother left. The record contains little information about the nature and extent of plaintiff's underlying disability. The only references to this subject are in documents submitted by plaintiff's representatives (for example, plaintiff was found eligible "on the basis of a mental impairment," Claimant's Position Statement—Request for on the Record Decision, AR 42). Plaintiff's brief asserts that her disability determination was based on "the combined effects of a developmental disability and mental illness." Pl's Mem at 2:25. Plaintiff's declaration suggests that her problems are serious and long-standing. AR 73. Defendant has introduced no evidence tending to contradict or cast doubt on plaintiff's evidence of mental impairment.

SSA determined on the one hand that plaintiff was so severely disabled by mental problems as to qualify for SSI benefits, and on the other that plaintiff had the necessary mental state to be a "fleeing felon." These determinations are inconsistent and must be somehow reconciled in order for the latter determination to stand. The latter determination is not supported by substantial evidence and must be reversed and remanded.

The ALJ's decision turned on the fact that the warrant did not contain a finding, as the regulation's language requires, that "plaintiff was fleeing to avoid prosecution" but only that she failed to appear. The court agrees that the plain language of section 416.1339(b)(1)(I) requires more than the existence of a warrant. It requires a finding by a court or other duly authorized tribunal * * * "that the individual is fleeing, or has fled, to avoid prosecution." SSA's guidelines allow the agency to limit the investigation to determining that a valid warrant exists, and on that basis to terminate an individual's benefits. This approach may serve the agency's administrative convenience, but they do not satisfy the statute or the plain language of its own regulation.

### IV

For the reasons stated herein, defendant has failed to meet its burden of producing substantial evidence that plaintiff's benefits were rightfully terminated under 42 USC section 1382(e)(4)(A). This case is remanded to the SSA for either (1) reinstatement of benefits withheld, both retrospectively and prospectively; or (2) further proceedings consistent with this order to determine whether or not plaintiff had the necessary mental capacity and/or mental state to be "fleeing to avoid prosecution" when she left Virginia in June 1990 and during her subsequent years in California.

The clerk shall enter judgment in accordance with this order and close the file.

IT IS SO ORDERED.